# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**DONALD MILLER and**
**ANNINA MILLER,**

     Plaintiffs,

v.

**AMERICAN HONDA MOTOR**
**CORPORATION, et al.,**

     Defendants.

_____/

CASE NO.:

**03-62155**
**CIV-COHN**

## DEFENDANT CATERPILLAR INC.'S NOTICE OF REMOVAL

COMES NOW, defendant, Caterpillar Inc., incorrectly referred to in the caption of the Complaint as Caterpillar, Inc. ("Caterpillar"), by and through its undersigned counsel, and gives notice with full reservation of all defenses that this cause is hereby removed from the Seventeenth Judicial Circuit Court in and for Broward County, Florida to the United States District Court for the Southern District of Florida.   As for its notice of removal, Caterpillar shows unto the court as follows:

1.     This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.

2.     Plaintiffs, Donald Miller and Annina Miller, his wife, ("plaintiffs") instituted this civil action in the Seventeenth Judicial Circuit in and for Broward County, Florida on October 31, 2003, against the defendants, said case number being 03-19359 (27) in said court.   Plaintiffs allege that defendants are liable for personal injuries sustained and yet to be sustained by Donald Miller as a result of his exposure to asbestos-containing products "mined, designed, tested, manufactured, sold, or distributed by the



defendants". See Complaint at ¶ 4.   Caterpillar was served on October 3, 2003.  A true and correct copy of all process and pleadings served on all defendants in this action is attached hereto as **composite EXHIBIT "A"**, and is incorporated by reference herein. Because this notice of removal is filed within thirty (30) days of initial service of the Complaint on Caterpillar, it is timely under 28 U.S.C. § 1446(b).

3.      This court has jurisdiction over this matter under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the properly-joined parties, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## I.      COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PLAINTIFF AND THE PROPERLY-JOINED DEFENDANTS

4.      Plaintiffs are, and were at the institution of this civil action, residents of the State of Florida. See Complaint at ¶ 1.  Although plaintiffs are amorphously pled to be a "citizens of the United States," it can reasonably be inferred that plaintiffs are citizens of Florida for purposes of removal.

5.      Defendant American Honda Motor Company, Inc. is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of California, having its principal place of business in the State of California.

6.      Defendant Borg Warner Corporation is, and was at the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware, having it principal place of business in the State of Illinois.

7.      Defendant Briggs Stratton Corp. is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Wisconsin, having its principal place of business in the State of Wisconsin.

8.      Defendant Caterpillar is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business in the State of Illinois.

9.      Defendant Cummins, Inc. is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Indiana, having its principal place of business in the State of Indiana.

10.     Defendant Dana Corporation is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Virginia, having its principal place of business in the State of Ohio.

11.     Defendant Danaher Corporation is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business in the State of Delaware.

12.     Defendant Deere & Co., Inc. is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business in the State of Illinois.

13.     Defendant Detroit Diesel is, and was at the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business in the State of Michigan.

14.     Defendant Ford Motor Company is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business in the State of Michigan.

15.     Defendant General Motors Corporation is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business in the State of Michigan.

16.     Defendant Goodyear Tire and Rubber Company is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Ohio, having its principal place of business in the State of Ohio.

17.     Defendant Honeywell International, Inc. f/k/a Allied Signal, Inc. is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business in the State of New Jersey.

18.     Defendant Kelsey Hayes is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business in the State of Michigan.

19.     Defendant Kohler, Inc. is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Wisconsin, having its principal place of business in the State of Wisconsin.

20.     Defendant Navistar Int'l Transportation Corp. f/k/a International Harvester is, and was at the time of the institution of this civil action, a corporation organized and

4

existing under and by virtue of the laws of the State of Delaware, having its principal place of business in the State of Illinois.

21.     Defendant Nissan North America, Inc. is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Wisconsin, having its principal place of business in the State of California.

22.     Defendant Paccar, Inc. is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business in the State of Washington.

23.     Defendant Subaru of America, Inc. is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of New Jersey, having its principal place of business in the State of New Jersey.

24.     Defendant Toyota Motor North America, Inc. is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of  California, having its principal place of business in the State of California.

25.     Defendant Volkswagen of America, Inc. is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of  New Jersey, having its principal place of business in the State of Michigan.

26.     The Complaint also purports to assert claims against Consumer Automotive Parts, Inc. ("Consumer Automotive"), a Florida corporation.  However, as

5

set forth below, there is no reasonable basis to predict that plaintiffs can establish a cause of action against this defendant. Thus, Consumer Automotive has been fraudulently joined and its citizenship must be disregarded by the Court for purposes of determining jurisdiction.

## II. CONSUMER AUTOMOTIVE WAS FRAUDULENTLY JOINED

27.     Where a plaintiff cannot establish a reasonable basis to predict the success of any claims against a resident defendant, the resident defendant is deemed to have been fraudulently joined for the sole purpose of preventing removal and should be ignored for jurisdictional purposes.  Crowe v. Coleman, 113 F. 3d 1536, 1540-42 (11th Cir. 1997); See also, Tapscott v. M.S. Dealer Serve Corp., 77 F. 3d 1353, 1360 (11th Cir. 1996).

28.     The joinder of Consumer Automotive does not preclude diversity jurisdiction in this case because there is no reasonable basis to predict that plaintiffs could recover against this defendant.  Consumer Automotive is a retail automotive parts store that was first incorporated in the State of Florida in January 1997.  See Affidavit of Lawrence P. Munn at ¶ 3, attached hereto as **EXHIBIT "B".**  From its inception through the present time, Consumer Automotive has stocked and sold only those brands of automotive parts that are known not to contain asbestos.  Id. at ¶ 5.  The decision to sell only automotive parts that do not contain asbestos was a conscious choice based on the market and safety concerns.  Id.    At no time whatsoever has the entity Consumer Automotive sold automotive parts containing asbestos.  Id.

29.     Although plaintiffs allege, in deliberately the vaguest of terms, that Donald Miller performed mechanical functions on trucks and vehicles allegedly containing asbestos and that he worked with products allegedly containing asbestos, it is

6

irrefutable that Donald Miller's alleged exposure to asbestos could not have occurred as a result of his purchase of any products sold by Consumer Automotive. Thus, as a matter of law, there is no causal connection between Donald Miller and his claims against Consumer Automotive and, therefore, that party's presence in the instant action is deemed to have been fraudulent merely to defeat diversity.

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

30.     The amount in controversy requirement clearly is satisfied in this case. Among other allegations, plaintiffs assert claims for personal injury to Donald Miller based on negligence and strict product liability theories. Plaintiffs also make claims on behalf of Annina Miller for the past and future loss of her husband's services, consortium, and the care and comfort of his society due to his alleged injuries. See Complaint at ¶ 20. Although the Complaint does not specify a monetary demand, plaintiffs seek unlimited damages alleging that Donald Miller has contracted an asbestos-related disease or injury causing him to suffer physical pain and suffering, loss of enjoyment of life, diminished earning capacity, shortened life expectancy, ongoing psychological damage, anxiety, hysteria, phobias, disintegration and deterioration of his family life, depression, and anguish. Id. at ¶¶ 6, 21-27. Plaintiffs also allege that Donald Miller has an increased risk of developing cancer and has incurred, and will continue to incur, expenses to monitor his condition. Id. at ¶ 25.

31.     Further, plaintiffs' allegations of reckless, willful, intentional, grossly negligent, and wanton acts on behalf of defendants, and plaintiffs' prayer for punitive damages in paragraph 28 of the Complaint must be considered when determining the

jurisdictional amount.  Holly Equipment Co. v. Credit Alliance Corp., 821 F. 2d 1531, 1535 (11th Cir. 1987).

32.     Accordingly, the preponderance of the evidence demonstrates that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *See, e.g.* Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996)(when plaintiffs make an unspecified claim for damages, removing party need only show by a preponderance of the evidence the amount in controversy exceeds jurisdictional limits), *overruled on other grounds by* Office Depot v. Cohen, 204 F.3d 1069 (11th Cir. 2000); *see also* Sierminski v. Transouth Financial Corp., 216 F.3d 945, 947-48 (11th Cir. 2000).

## IV.     THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISIFIED.

33.     As set forth above, this notice of removal is filed within thirty (30) days of receipt by Caterpillar of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based.  28 U.S.C. § 1446(b).

34.     All properly-joined and served defendants consent to this notice of removal.  See **composite EXHIBIT "C"**.[1]

35.     Caterpillar has sought no similar relief.

36.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

37.     This case is being removed to the United States District Court for the Southern District of Florida because this district encompasses the state court from which this case is being removed, that being the Seventeenth Judicial Circuit Court in and for Miami-Dade County, Florida.  28 U.S.C. § 89(c).

---

[1] As of the time of the filing of the instant Notice of Removal, Defendant Deere & Co., Inc., has not been served and thus its consent is not required for removal.

38.    If any questions arise as to the propriety of the removal of this action, Caterpillar requests the opportunity to present a brief and oral argument in support of their position that this case is removable.

WHEREFORE, Caterpillar Inc., desiring to remove this case to the United State District Court for the Southern District of Florida, being the district and division of said court for the county in which said action is pending, pray that the filing of this notice of removal with this court and the filing the notice of removal with the Clerk of the Seventeenth Judicial Circuit in and for Broward County, Florida shall affect the removal of said suit to this court.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** a true copy of the foregoing document was served via U.S. Mail on this ___3rd___ day of December 2003 to **Michael T. Tomlin, Esq.,** Anania, Bandklayder, Blackwell, Baumgarten, Torricella and Stein, 100 Southeast Second Street, Suite 4300, Miami, Florida 33131-2144 (305/373-4900; fax 305/373-6914), **David M. Lipman, Esq.,** David M. Lipman, P.A., 5901 Southwest 74th Street, Suite 304, Miami, Florida 33143-5186 (305/662-2600), attorneys for plaintiffs, **Robert J. Hanreck, Esq.,** Rumberger Kirk & Caldwell, attorneys for American Honda, Cummins, Danaher, Nissan, Subaru and Toyota Motor, Brickell Bayview Centre, 80 SW 8th Street, Suite 3000, Miami, FL 33130-3047 (305/358-5577; fax 305/371-7580), **Jana Marie Fried, Esq.**, Foley & Mansfield, P.L.L.P., attorneys for Borg-Warner, Deere & Company, and Kohler, 4770 Biscayne Blvd., Ste. 1030, Miami, FL 33137-3251 (305/438-9899; fax 305/438-9819), **Kenn W. Goff, Esq.**, Herzfeld & Rubin, Attorneys for Briggs Stratton, 80 SW 8th Street, Ste. 1920, Miami, FL 33130-3013, (305/381-7999; fax 305/381-8203), **P. Jeffrey Stubbs, Esq.,** Hawkins & Parnell, attorneys for Dana Corp., 303 Peach St. N.E., Ste. 4000, Atlanta, GA 30308-3243 (404/614-7400; fax 404/614-7500), **Chris Kolos, Esq.,** Holland & Knight, Attorneys for Detroit Diesel, General Motors, and Navistar, 200 S. Orange Ave., Ste. 2600, Orlando, FL 32801 (407/244-5240; 8500; fax 407/244-5288), **Hector R. Rivera, Esq.,** Duane Morris LLP, Attorneys for Ford Motor Company, 200 S. Biscayne Blvd., Ste. 3400, Miami, FL 33131 (305/960-2200; fax 305/960-2201), **Frances L. Spinelli, Esq.,** Evert & Weathersby, Attorneys for Goodyear, 3405 Piedmont Rd., Ste. 225, Atlanta, GA 30305 (404/233-8718; fax 404/233-8933), **Rodd R. Buell, Esq.,** Rodd R. Buell, P.A., Attorneys for Honeywell, 1183 Maidstone Dr., Wellington, FL 33414-7008 (561/795-5400; fax 561/795-5451), **Kathleen M. LaBarge, Esq.,** Bice Cole Law Firm, PL, Attorneys for Kelsey-Hayes, 2801 Ponce de Leon Blvd., Ste. 550, Coral Gables, FL 33134 (305/444-

1225; fax 305/446-1598), **June Hoffman, Esq.,** Fowler White Burnett, P.A., Attorneys for Paccar, 100 S.E. Second St., 17th Flr., Miami, FL 33131-2107 (305/789-9249; fax 305/789-9201) and **Peter Frommer, Esq.,** Ruden McClosky, P.A., Attorneys for Volkswagen, 701 Brickell Avenue, Suite 1900, Miami, FL 33131-2834.

**GORDON HARGROVE & JAMES, P.A.**
Attorneys for Caterpillar Inc.
500 E. Broward Blvd., Ste. 1000
Ft. Lauderdale, FL 33394
(954/527-2800; facsimile 954/524-9481)

By: _____

**Gordon James III**
FL Bar No.: 150077
**Eric L. Lundt**
FL Bar No.: 0861715

G:\LAW\82002\089\Pleadings\Notice of Removal.doc

10

NOV. 12 2003  9:17AM   CAT INC. LEGAL DEPT.                    NO.3601   P. 3/41

*Caterpillar*

IN THEE CIRCUIT COURT OF THE
17TH JUUDICIAL CIRCUIT IN AND FOR
BROW/ARD COUNTY, FLORIDA

GENEERAL JURISDICTION DIVISION

CASE NNO.:

03019359

**27**

DONALD MILLER
and ANNINA MILLER,

      Plaintiffs,

vs.

AMERICAN HONDA MOTOR COMPANY, INC.,
a foreign Corporation,
BORG WARNER CORPORATION,
an Illinois Corporation,
BRIGGS STRATTON CORP.,
a foreign Corporation,
CATERPILLAR, INC.,
a Delaware Corporation,
CONSUMER AUTOMOTIVE PARTS, INC.,
a Florida Corporation,
CUMMINS, INC.,
a foreign Corporation,
DANA CORPORATION,
a Virginia Corporation,
DANAHER CORPORATION, Individually,
and through its subsidiaries DH HOLDING
and HENNESSY INDUSTRIES, a Delaware Corporation,
DEERE & COMPANY,
a foreign Corporation,
DETROIT DIESEL CORPORATION,
a foreign Corporation,
FORD MOTOR COMPANY,
a Delaware Corporation,
GENERAL MOTORS CORPORATION,
a Delaware Corporation,
GOODYEAR TIRE and RUBBER COMPANY,
a foreign Corporation,
HONEYWELL INTERNATIONAL, INC.,
f/k/a ALLIED SIGNAL, as successor in interest to ALLIED CORPORATION,
as successor in interest to THE BENDIX CORPORATION,
a Delaware Corporation,
KELSEY HAYES,
a Delaware Corporation,

11-3-03 - 9:00 am
#251 Reyes

EXHIBIT "A"


NOV. 12. 2003  9:17AM     CAT INC. LEGAL DEPT.                    NO.3691   P 4/41

KOHLER, INC.,
a foreign Corporation,
NAVISTAR INT'L TRANSPORTATION CORP.,
f/k/a INTERNATIONAL HARVESTER,
a Delaware Corporation,
NISSAN NORTH AMERICA, INC.,
a foreign Corporation,
PACCAR, INC., Individually, and through its divisions
KENWORTH TRUCKS and PETERBILT MOTORS,
a Delaware Corporation,
SUBARU OF AMERICA, INC.,
a foreign Corporation,
TOYOTA MOTOR NORTH AMERICA, INC.,
a foreign Corporation, and
VOLKSWAGEN OF AMERICA , INC.,
a New Jersey Corporation,

          Defendants.
_____/

THE STATE OF FLORIDA:                    To Each Sheriff of Said State:

          YOU ARE HEREBY COMMANDED to serve this summons, a copy of the Complaint in this action,
and Exposure Sheets on Defendant:

                    CATERPILLAR
     By Serving:    C.T. Corporation System
                    8751 West Broward Blvd.
                    Plantation, Florida 33324

          Each defendant is required to serve written defenses too the Complaint or petition on Plaintiff's
attorney, to wit, whose address is:

                    ANANIA, BANDKLAYDER, BLACKKWELL,
                    BAUMGARTEN, TORRICELLA & SSTEIN,
                    Attorneys for Plaintiffs
                    Bank of America Tower, Suite 4300
                    100 S.E. Second Street
                    Miami, Florida 33131-2144
                    Telephone: (305) 373-4900
                    Facsimile:  (305) 373-6914

within twenty (20) days after service of this Summons on that defendant, exclusive of the day of service, and
to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or
immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the
relief demanded in the Complaint or petition

DATED ON _____, 2003.      OCT 31 2003          HOWARD C. FORMAN

_____
as Clerk of Said Court

by:_____
as   Deputy Clerk
(Court Seal)

DEBORAH A. LEWIS

A TRUE COPY
Circuit Court Seal

NOV 12 2003 9:18AM CAT INC. LEGAL DEPT.                    NO.3691 P 6:41

CACE

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NNO.:

03019359

27

DONALD MILLER
and ANNINA MILLER,

     Plaintiffs,

vs.

AMERICAN HONDA MOTOR COMPANY, INC.,
a foreign Corporation,
~~CORPORATION,~~
an Illinois Corporation,
BRIGGS STRATTON CORP.,
a foreign Corporation,
CATERPILLAR, INC.,
a Delaware Corporation,
CONSUMER AUTOMOTIVE PARTS, INC.,
a Florida Corporation,
CUMMINS, INC.,
a foreign Corporation,
DANA CORPORATION,
a Virginia Corporation,
~~CORPORATION, Individually,~~
and through its subsidiaries DH HOLDING
and HENNESSY INDUSTRIES, a Delaware Corporation,
DEERE & COMPANY,
a foreign Corporation,
DETROIT DIESEL CORPORATION,
a foreign Corporation,
FORD MOTOR COMPANY,
a Delaware Corporation,
GENERAL MOTORS CORPORATION,
a Delaware Corporation,
GOODYEAR TIRE and RUBBER COMPANY,
a foreign Corporation,
HONEYWELL INTERNATIONAL, INC.,
f/k/a ALLIED SIGNAL, as successor in interest to ALLIED CCORPORATION,
as successor in interest to THE BENDIX CORPORATION,
a Delaware Corporation,
KELSEY HAYES,
a Delaware Corporation,

A TRUE COPY
HOWARD C. FORMAN
CLERK OF CIRCUIT COURT

OCT 31 2003

NOV. 12 2003  9:18AM   CAT INC. LEGAL DEPT.                     NO. 3601   P 7/41

**CACE**

MILLER vs. AMERICAN HONNDA MOTOR COMPANY, INC., et al.
CAISE NO.: _____

KOHLER, INC.,
a foreign Corporation,
NAVISTAR INT'L TRANSPORTATION CORP.,
f/k/a INTERNATIONAL HARVESTER,
a Delaware Corporation,
~~NISSAN NORTH AMERICA, INC.,~~
a foreign Corporation,
~~PACCAR, INC, individually~~, and through its divisions
KENWORTH TRUCKS and PETERBILT MOTORS,
a Delaware Corporation,
SUBARU OF AMERICA, INC.,
a foreign Corporation,
TOYOTA MOTOR NORTH AMERICA, INC.,
a foreign Corporation, and
VOLKSWAGEN OF AMERICA , INC.,
a New Jersey Corporation,

03019359

**27**

          Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.      This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00).

2.      Plaintiffs, DONALD MILLER and ANNINA MILLER are residents of the State of

Florida citizens of the United States of America.

3.      Defendants are as follows:

a.      Defendant, AMERICAN HONDA MOTOR CCOMPANY, INC., is a foreign

corporation organized under the laws of the state of California.

b.      Defendant, BRIGGS STRATTON CORP., is aa foreign corporation with its principal

place of business in Wisconsin.

c.      Defendant, BORG WARNER CORPORATIODN, is a foreign corporation organized

under the laws of the state of Delaware.

NOV. 12 2003  9 19AM     CAT INC. LEGAL DEPT.                    NO. 360    P  8.41

MILLER vs. AMERICAN HONNDA MOTOR COMPANY, INC., et al.
CASE NO.:_____

d.  Defendant, CATERPILLAR, INC., is a foreign corporation organized under the laws of the state of Delaware.

e.  Defendant, CONSUMER AUTOMOTIVE PAIRTS, INC., is a Florida corporation.

f.  Defendant, CUMMINS, INC., is a foreign corporation with its principal place of business in Indiana.

g.  Defendant, DANA CORPORATION, is a foreign corporation organized under the laws of the state of Virginia.

h.  Defendant, DANAHER CORPORATION, individually and through its subsidiaries DH HOLDING and HENNESSY INDUSTRIEES, is a foreign corporation organized under the laws of the state of Delaware.

i.  Defendant, DEERE & COMPANY, a foreign ccorporation organized under the laws of the state of Delaware.

j.  Defendant, DETROIT DIESEL, is a foreign coorporation organized under the laws of the state of Delaware.

k.  Defendant, FORD MOTOR COMPANY, is a foreign corporation organized under the laws of the state of Delaware.

l.  Defendant, GENERAL MOTORS CORPORATION, is a foreign corporation organized under the laws of the state of Delaware.

m.  Defendant, GOODYEAR TIRE and RUBBER COMPANY is a foreign corporation with its principal place of business in Ohio.

n.  Defendant, HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC., as successor in interest to ALLIED CORRPORATION, as successor in interest

NOV. 12. 2003   9:19AM -   CAT INC. LEGAL DEPT                    NO. 360¹⁻⁻P   9:41

MILLER vs. AMERICAN HONNDA MOTOR COMPANY, INC., et al.
CASSE NO.: _____

to THE BENDIX CORPORATION is a foreigm corporation organized under the laws

of the state of Delaware.

o.      Defendant, KELSEY HAYES is a foreign corpooration organized under the laws of

the state of Delaware with its principal place obf business in Michigan.

p.      Defendant, KOHLER, INC. is a foreign corporaration organized under the laws of

Wisconsin.

q.      Defendant, NAVISTAR INT'L TRANSPORT/ATION CORP., f/k/a

INTERNATIONAL HARVESTER, is a foreiggn corporation organized under the laws

of the state of Delaware.

r.      Defendant, NISSAN NORTH AMERICA, INCC., is a foreign corporation with its

principal place of business in California.

s.      Defendant, PACCAR, INC., individually, and t through its divisions KENWORTH

TRUCKS and PETERBILT MOTORS CO. is a a foreign corporation organized under

the laws of Delaware.

t.      Defendant, SUBARU OF AMERICA, INC., is s a foreign corporation with its

principal place of business in New Jersey.

u.      Defendant, TOYOTA MOTOR NORTH AMEERICA, INC.,  is a foreign corporation

organized under the laws of the state of Califorrnia.

v.      Defendant, VOLKSWAGEN OF AMERICA, I INC., is a foreign corporation

organized under the laws of the state of New Jdersey.

2.      The Defendants identified in the caption of thiss Complaint are foreign corporations

who are amendable to jurisdiction in the Courts of Florida becauuse they now conduct or have conducted

MILLER vs. AMERICAN HONNDA MOTOR COMPANY, INC., et al.
CAASE NO.: _____

business or business ventures, or have had office or agencies within Florida, which subject them to jurisdiction within Florida. The alleged causes of action arise ¢ out of, or are incidental to, the business or business ventures conducted within Florida by each of the Deefendants. Each foreign corporation has through brokers, jobbers, wholesalers, or distributors sold, comnsigned, or leased tangible or intangible personal property to persons in this state. Each foreign corporaation has committed wrongful acts either outside or inside this state causing injury to Plaintiff in the staate of Florida. Each foreign corporation derives substantial revenue from interstate or international ccommerce and should reasonably have expected their acts to have consequences in this state or any oither state. Each foreign corporation has conducted substantial and not isolated activity within Florida. EЗach foreign corporation mines or mined, manufactures or manufactured, processes or processed, imponrts or imported, converts or converted, compounds or compounded, and/or retains or retained subtaantial amounts of asbestos and asbestos related materials and/or other products which are or were sold,t, distributed and used in Florida.

3.      Plaintiff alleges that the Defendants have, at alil times material to this cause of action, through and including the present, and at all times maaterial to this cause of action, maintained sufficient contact with the State of Florida and/or transacted saubstantial revenue-producing business in the State of Florida to subject them to the jurisdiction of this CCourt pursuamt to Florida statute 48.181 and/or 48.182 and/or 48.193 and/or 47.16.

### BACKGROUND

4.      While performing mechanical functions on vehhicles and trucks Plaintiff worked with and was exposed to asbestos-containing products mined, , designed, tested, manufactured, sold or distributed by the Defendants herein. In addition, Plaintiff vworked with products designed, tested, manufactured, sold or distributed by the Defendants for the . specific purpose of use with asbestos-

NOV. 12 2003  9:20AM    CAT INC  LEGAL DEPT                    NO. 360       P  11:41

MILLER vs. AMERICAN HONNDA MOTOR COMPANY, INC., et al.

CASE NO.: _____

containing products.

5.      Plaintiff used Defendants' products in the intennded manner and without significant change in their condition and relied on the Defendaants' instructions as to proper method of handling the products, being unaware that the products contaiineod asbestos or of the dangerous properties of asbestos.

6.      Plaintiff's exposure to Defendants' asbestos prooducts, as well as use of products designed to be used with asbestos-containing products (colleectively referred to herein as "asbestos products") and the inhalation of the products' asbestos fibers cauused him to contract an asbestos-related disease or injury.


## COUNT I - NEGLIGENCCE

7.      The allegations contained in paragraphs 1 throuugh 8 are realleged herein.

8.      At all times material to Plaintiff's exposure to ttheir asbestos products, the Defendants knew, or in the exercise of ordinary care should haave known, that the use of their asbestos products was hazardous to the health of workers such as the Plaaintiff.  Plaintiff relied upon the skill and knowledge of the Defendants and their duty to advise users oof the proper methods of handling their products.

9.      At all times relevant, Defendants had a duty to adequately warn Plaintiff.  The Defendants were negligent in one, some, and/or all of the follorwing respects:

a.      in failing to adequately warn Plaintiff that use aand exposure to asbestos products could cause injuries including, but not limited to, asbbestosis, mesothelioma and other forms

of cancer;

b. in failing to provide Plaintiff with information a as to what would be reasonably safe and sufficient wearing apparel and proper protectivve equipment and appliances, if, in truth, there were any, to protect him from being harmaed and disabled by exposure to asbestos, and/or their asbestos products;

c. in failing to take reasonable precautions or exeercise reasonable care to publish, adopt and enforce a safety plan and a safe methood of handling and installing asbestos materials, and asbestos products;

d. in affirmatively misrepresenting to Plaintiff and other members of the public by advertising, labels and otherwise, that the asbesstos products manufactured, sold, and/or distributed were safe in their ordinary and foreseeeable use, which induced Plaintiff to unknowingly expose himself to the hazards of f developing injuries including, but not limited to, asbestosis, mesothelioma and other r forms of cancer;

e. in failing to remove and recall all of the asbestoos products from the stream of commerce and the marketplace upon ascertaining that as asbestos products would cause various asbestos-related diseases; and

f. in failing to continually warn or advise Plaintifff and others to cease all future exposure to asbestos fumes, smoke, dust, and fiberss, and to keep away from the home environment asbestos dust and fibers on work clothes and tools.

10. The Defendants' asbestos products to which Pllaintiff was exposed were used in the manner in which they were intended to be usedd; however, they failed to safely perform their purposes in that they caused Plaintiff to develop an asbesstos-related disease or injury.

NOV. 12 2003 9:21AM    CAT INC. LEGAL DEPT                    NO.3601   P. 13 41

MILLER vs. AMERICAN HONNDA MOTOR COMPANY, INC., et al.

CASE NO.:_____

11.   Plaintiff's illness, was a direct and proximate rresult of the negligent, grossly negligent, reckless, willful, and intentional conduct of the Defeendants as set forth, and Plaintiff suffered damages as more fully described hereafter.

WHEREFORE, DONALD MILLER, demands compennsatory damages, punitive damages, and trial by jury of all issues so triable in this case.

## COUNT II - STRICT LIABILITY

12.   The allegations contained in paragraphs 1 through 13 are realleged herein.

13.   The Defendants' asbestos products contained ddesign defects at the time they were manufactured and at the time Plaintiff was exposed to thoem in his occupation.

14.   At the time of Plaintiff's exposure, the Defenddants' asbestos products were being used in the manner and environment intended and witthout substantial change affecting their condition, but they contained design defects which made thenm unreasonably dangerous and unfit for their intended use, in that the products were designed to coontain asbestos, a substance hazardous, poisonous and harmful to the Plaintiff's body.

15.   At the time of Plaintiff's exposure, Defendants'b' asbestos products were unreasonably dangerous because of their design, as the prodducts failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the Defendants.

16.   At the time of Plaintiff's exposure, Defendants'y' asbestos products were unreasonably dangerous because of their design, as the risk oof danger in the design outweighed the benefits obtained with the use of the product.

17.   At the time of Plaintiff's exposure, the Defendaants' asbestos products were

MILLER vs. AMERICAN HONNDA MOTOR COMPANY, INC., et al.
CASE NO.: _____

defective in that they did not contain a sufficient warning to addvise Plaintiff that the asbestos products

were extremely harmful to his health.

    18.    The lack of a sufficient warning on Defendantsts' asbestos products rendered

them unreasonably dangerous and unfit for their intended use. .

    WHEREFORE, DONALD MILLER, demands compeonsatory damages, punitive damages, and

trial by jury of all issues so triable in this case.

### COUNT III - LOSS OF CONSORTIUM

    19.    The allegations contained in paragraphs 1 through 21 are realleged.

    20.    As a direct and proximate result of the foregoiing allegations, ANNINA MILLER

has suffered and will continue to suffer the loss of DONALD MIILLER's services, consortium, and the

care and comfort of his society because of his injuries and disaabilities, and she has incurred expenses

for medical attention rendered to her husband.

    WHEREFORE, ANNINA MILLER demands judgmeent for compensable damages against the

Defendants in an amount to be determined by the jury, and a trrial by jury of the issues so triable in this

cause.

### DAMAGES

    21.    As a direct and proximate result of the negligeence, carelessness, gross

negligence, willful misconduct, strict liability, misrepresentatiorm and willful omissions of the Defendants

as described, DONALD MILLER, contracted diseases and injuriies causing DONALD MILLER to suffer

physical pain and mental anguish.

    22.    Each exposure to the asbestos-containing prodducts of Defendants was harmful

and contributed to DONALD MILLER injuries. DONALD MILLLER injuries rise out of, were connected

MILLER vs. AMERICAN HONNDA MOTOR COMPANY, INC., et al.
CASE NO.:_____

to, and were incidental to, the manufacture, sale and distribution by Defendants of their asbestos-containing products.

 23. As a direct and proximate result of the conductt described, DONALD MILLER, was obliged to spend various sums of money to treat his diseaase and injury, and DONALD MILLER continues to be obliged for the expenses of same.  As a direcct and proximate result of Defendant's conduct, DONALD MILLER' enjoyment of life and earning c capacity has been impaired and his life expectancy shortened.

 24. From the time, DONALD MILLER first learneed of his disease, he has suffered mental and physical pain and anguish as a result of his disease.  Addditionally, DONALD MILLER, is at an increased risk of developing other cancers and has, and will inncur, expenses to monitor his condition.  Additionally, DONALD MILLER, has suffered and will continnue to suffer, mental anguish.


 25. As a direct and proximate result of the aforesaaid, and since DONALD MILLER first Learned of his aforementioned injuries, he has developed severe anxiety, hysteria or phobias, any or all of which have developed into a reasonable and traumatidc fear of an increased risk of additional asbestos caused or related disease, including, but not limited to, , other forms of cancer not yet diagnosed to DONALD MILLER, resulting from exposure, directly and irindirectly, to the asbestos products of the Defendants.

 26. As a direct and proximate result of the aforesaiid, DONALD MILLER has suffered, and will continue to suffer, ongoing psychologiccal damage which may require future psychological and/or medical treatment.

 27. As a direct and proximate result of the Defendaants' conduct, DONALD MILLER

NOV. 12 2003  9:22AM    CAT INC. LEGAL DEPT.                    NO. 3601   P. 16/41

MILLER vs. AMERICAN HONDA MOTOR COMPANY, INC., et al.
CASE NO.: _____

has suffered, and will continue to suffer, a disintegration and deterioration of his family unit and his familial relationships, resulting in enhanced anguish, depression, and other symptoms of psychological stress and disorder.

28.    For the reckless, willful, intentional, grossly negligent, and wanton acts and omissions of said Defendants previously alleged, DONALD MILLER, is enntitled to recover exemplary and punitive damages from said Defendants.

WHEREFORE, DONALD MILLER demands trial by j jury of all issues so triable by right, and pray for judgment against Defendants on all of the counts  for damages as specified and against Defendants, for the costs expended, for interest on said judgmennt form the date entered until paid at the legal rate, and for such other and further relief both at law and i in equity, to which DONALD MILLER may show themselves justly entitled.

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so t triable.

Respectfully submitted,

DAVID M. LIPMAN, P.A.
Attorney for Plaintiffs
5901 S.W. 74th Street, Suite 304
Miami, Florida 33143-5186
Telephone: (305) 662-2600

ANANIA, EBANDKLAYDER, BLACKWELL,
BAUMGAERTEN, TORRICELLA & STEIN,
Attorneys ffor Plaintiffs
Bank of Anmerica Tower, Suite 4300
100 S.E. Seecond Street
Miami, Floarida 33131-2144
Telephone: : (305) 373-4900
Facsimile: (305) 373-6914

By: _____
MICHAEL T. TOMLIN

MILLER vs. AMERICAN HONDA MOTOR COMPANY, INC., et al.
CASE NO.: _____

Florida l Bar No. 829854

DATED: October 30, 2003

NOV. 12 2003  9:23AM   CAT INC. LEGAL DEPT                    NO. 3601   P. 18/41

## *FORUM NON CONVENIENS F/ACT SHEET*

Name of Plaintiff(s): DONALD MILLER

Case Number: _____

1.   Residence of Plaintiff(s).

    a.   Does Plaintiff currently reside in Florida?

       Yes

    b.   Did any alleged asbestos exposure occur in Dade County, Florida?

       Yes

    c.   In which states, other than Florida, did alleged asbestos exposure occur?

       Illinois

    d.   What percentage of total asbestos exposure occurred in Florida?

       15 %

2.   Witnesses:

    a.   Do any fact witnesses reside in Florida?

       Yes

    b.   Do any expert witnesses reside in Florida?

       Yes

3.   Medical treatment:

    a.   In which state did diagnosis of relevant disease take place?

       Florida

    b.   In which state has plaintiff received medical treatment relevant to this lawsuit?

       Florida

NOV. 12. 2003  9:23AM   CAT INC. LEGAL DEPT.                    NO. 3691   P. 19/41

EXPOSURE SHEET FOR:  DONALD MILLER

NAME OF DEFENDANT:  HONEYWELL INTERNATIONAL, INC.

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|---|---|---|
| Brakes/clutches/ friction materials | 1987-Present: American Airlirines Miami International Airport, Mmiami, FL; O'Hara Airport; Chicago, IL. | Plaintiff |
| | 1985-87: AMR Services, O'Hara Airport; Chicago, IL. | |
| | 1983-85: British Airways O'Hara Airport; Chicago, IL | |
| | 1981-83: Al's Auto Mania; Chicago, IL. | |

EXPOSURE SHEET FOR: DONALD MILLER

NAME OF DEFENDANT: BORG WARNER CORPORATION

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|---|---|---|
| Brakes/clutches/<br>friction materials | 1987-Present: American Airlinnes<br>Miami International Airport, MMiami, FL;<br>O'Hara Airport; Chicago, IL. | Plaintiff |
| | 1985-87: AMR Services,<br>O'Hara Airport; Chicago, IL. | |
| | 1983-85: British Airways<br>O'Hara Airport; Chicago, IL | |

EXPOSURE SHEET FOR:  DONALD MILLER

NAME OF DEFENDANT:  FORD MOTOR COMPANY

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|---|---|---|
| Brakes/gaskets/<br>friction materials | 1987-Present: American Airlines<br>Miami International Airport, NMiami, FL;<br>O'Hara Airport; Chicago, IL. | Plaintiff |
| | 1985-87: AMR Services,<br>O'Hara Airport; Chicago, IL. | |
| | 1983-85: British Airways<br>O'Hara Airport; Chicago, IL | |
| | 1981-83: Al's Auto Mania; CHhicago, IL. | |
| | Early 1980's: Al's Truck & Buus;<br>Chicago, IL. | |

NOV. 12 2003  9:24AM——— -CAT INC. LEGAL DEPT.                          NO. 3601   P. 22/41

EXPOSURE SHEET FOR:  DONALD MILLER

NAME OF DEFENDANT:  GENERAL MOTORS CORPORATION

| PRODUCTS | DATES AND JOBSITES | WITNESS |
| --- | --- | --- |
| Brakes/friction materials | 1987-Present: American Airlines Miami International Airport, NMiami, FL; O'Hara Airport; Chicago, IL. | Plaintiff |
| | 1985-87: AMR Services, O'Hara Airport; Chicago, IL. | |
| | 1983-85: British Airways O'Hara Airport; Chicago, IL | |



**EXPOSURE SHEET FOR: DONALD MILLER**

**NAME OF DEFENDANT: KELSEY HAYES**

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|----------|--------------------|---------|
| Brakes/friction materials | 1987-Present: American Airliines Miami International Airport, NMiami, FL; O'Hara Airport; Chicago, IL. | Plaintiff |
| | 1985-87: AMR Services, O'Hara Airport; Chicago, IL. | |
| | 1983-85: British Airways O'Hara Airport; Chicago, IL | |

EXPOSURE SHEET FOR:  DONALD MILLER

NAME OF DEFENDANT:  DANA CORPORATION

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|---|---|---|
| Gaskets | 1987-Present: American Airliines Miami International Airport, Miami, FL; O'Hara Airport; Chicago, IL. | Plaintiff |
| | 1985-87: AMR Services, O'Hara Airport; Chicago, IL. | |
| | 1983-85: British Airways O'Hara Airport; Chicago, IL | |

NOV. 12 2003  9:24AM     CAT INC. LEGAL DEPT.                    NO. 3601   P. 25/41

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original and copies obf Plaintiffs' R esponse to Defendants' Request for Production was provided to all Defendants on Octrtober 30, 2003.

Respectfully subbmitted,

DAVID M. LIPMAN, P.A.
Attorney for Plaintiffs
5901 S.W. 74ᵗʰ Street, Suite 304
Miami, Florida 33143-5186
Telephone: (305) 662-2600

ANANIA, BANNDKLAYDER, BLACKWELL,
BAUMGARTEEN, TORRICELLA & STEIN,
Attorneys for Plaintiffs
Bank of Americca Tower, Suite 4300
100 S.E. Secondd Street
Miami, Florida : 33131-2144
Telephone: (3055) 373-4900
Facsimile: (3055) 373-6914

By: _____
MICHAEL T. TTOMLIN
Florida Bar No. . 829854

EXPOSURE SHEET FOR:  DONALD MILLER

NAME OF DEFENDANT:  DETROIT DIESEL CORPORATION

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|----------|--------------------|---------|
| Gaskets | 1987-Present: American Airlines<br>Miami International Airport, Miami, FL;<br>O'Hara Airport; Chicago, IL. | Plaintiff |
| | 1985-87: AMR Services,<br>O'Hara Airport; Chicago, IL. | |
| | 1983-85: British Airways<br>O'Hara Airport; Chicago, IL | |

NOV 12 2003  9:25AM    CAT INC. LEGAL DEPT.                    NO 3601    P. 27/41

EXPOSURE SHEET FOR:  DONALD MILLER

NAME OF DEFENDANT:  GOODYEAR TIRE AND RUBBER COMPANY

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|---|---|---|
| Gaskets | 1987-Present: American Airliines<br>Miami International Airport, Miami, FL;<br>O'Hara Airport; Chicago, IL. | Plaintiff |
| | 1985-87: AMR Services,<br>O'Hara Airport; Chicago, IL. | |
| | 1983-85: British Airways<br>O'Hara Airport; Chicago, IL | |

NOV 12 2003  9 25AM    CAT INC. LEGAL DEPT                    NO 360'   P 28 41

## EXPOSURE SHEET FOR: DONALD MILLER

### NAME OF DEFENDANT: BRIGGS STRATTON CORP.

**WITNESS**

**PRODUCTS**

**DATES AND JOBSITES**

Plaintiff

Engines/Gaskets

1987-Present: American Airlilines
Miami International Airport, l Miami, FL;
O'Hara Airport; Chicago, IL.

1985-87: AMR Services,
O'Hara Airport; Chicago, IL.

1983-85: British Airways
O'Hara Airport; Chicago, IL

NOV. 12 2003  9:25AM    CAT INC. LEGAL DEPT.                    NO. 3601   P. 29/41

EXPOSURE SHEET FOR:  DONALD MILLER

NAME OF DEFENDANT:  CATERPILLAR, INC.

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|---|---|---|
| Engines/Gaskets | 1987-Present: American Airlinnes<br>Miami International Airport, NMiami, FL;<br>O'Hara Airport; Chicago, IL. | Plaintiff |
| | 1985-87: AMR Services,<br>O'Hara Airport; Chicago, IL. | |
| | 1983-85: British Airways<br>O'Hara Airport; Chicago, IL | |

NOV. 12 2003  9:26AM    CAT INC. LEGAL DEPT.                              NO. 3601   P. 30/41

EXPOSURE SHEET FOR: DONALD MILLER

NAME OF DEFENDANT: CUMMINS, INC.

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|---|---|---|
| Engines/Gaskets | 1987-Present: American Airlines<br>Miami International Airport, MMiami, FL;<br>O'Hara Airport; Chicago, IL. | Plaintiff |
| | 1985-87: AMR Services,<br>O'Hara Airport; Chicago, IL. | |
| | 1983-85: British Airways<br>O'Hara Airport; Chicago, IL | |

NOV. 12 2003  9:26AM    CAT INC. LEGAL DEPT                    NO. 3601    P. 31/41

EXPOSURE SHEET FOR:  DONALD MILLER

NAME OF DEFENDANT:  NAVISTAR INT'L. TRANSSPORTATION CORP.

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|---|---|---|
| Engines/Gaskets | 1987-Present: American Airlines<br>Miami International Airport, MMiami, FL;<br>O'Hara Airport; Chicago, IL. | Plaintiff |
| | 1985-87: AMR Services,<br>O'Hara Airport; Chicago, IL. | |
| | 1983-85: British Airways<br>O'Hara Airport; Chicago, IL | |

NOV. 12 2003  9:26AM    CAT INC. LEGAL DEPT                    NO. 360    P. 32/41

**EXPOSURE SHEET FOR:** DONALD MILLER

**NAME OF DEFENDANT:** DEERE & COMPANY

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|---|---|---|
| Engines/Gaskets | 1987-Present: American Airlines<br>Miami International Airport, Miami, FL;<br>O'Hara Airport; Chicago, IL. | Plaintiff |
| | 1985-87: AMR Services,<br>O'Hara Airport; Chicago, IL. | |
| | 1983-85: British Airways<br>O'Hara Airport; Chicago, IL | |

EXPOSURE SHEET FOR: DONALD MILLER

NAME OF DEFENDANT: KOHLER, INC.

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|---|---|---|
| Engines/Gaskets | 1987-Present: American Airlines Miami International Airport, MMiami, FL; O'Hara Airport; Chicago, IL. | Plaintiff |
| | 1985-87: AMR Services, O'Hara Airport; Chicago, IL. | |
| | 1983-85: British Airways O'Hara Airport; Chicago, IL | |
| | 1981-83: Al's Auto Mania; CЕhicago, IL. | |
| | Early 1980's: Al's Truck & Buus; Chicago, IL. | |

NOV 12 2003  9 27AM   CAT INC. LEGAL DEPT.                    NO. 3601   P  34 41

EXPOSURE SHEET FOR:  DONALD MILLER

NAME OF DEFENDANT:  PACCAR/PERKINS DIVISSION

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|----------|--------------------|---------| 
| Engines/Gaskets | 1987-Present: American Airliines<br>Miami International Airport, Miami, FL;<br>O'Hara Airport; Chicago, IL. . | Plaintiff |
| | 1985-87: AMR Services,<br>O'Hara Airport; Chicago, IL. . | |
| | 1983-85: British Airways<br>O'Hara Airport; Chicago, IL | |

EXPOSURE SHEET FOR: DONALD MILLER

NAME OF DEFENDANT: AMERICAN HONDA MOTTOR COMPANY, INC.

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|---|---|---|
| Brakes/friction materials | 1987-Present: American Airliines Miami International Airport, ?Miami, FL; O'Hara Airport; Chicago, IL. | Plaintiff |
| | 1985-87: AMR Services, O'Hara Airport; Chicago, IL. | |
| | 1983-85: British Airways O'Hara Airport; Chicago, IL | |

NOV. 12 2003  9 27AM    CAT INC. LEGAL DEPT                    NO 3601   P  36 41

EXPOSURE SHEET FOR: DONALD MILLER

NAME OF DEFENDANT: NISSAN NORTH AMERICCA, INC.

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|----------|--------------------|---------|
| Brakes/friction materials | 1987-Present: American Airllines Miami International Airport, Miami, FL; O'Hara Airport; Chicago, IL. . | Plaintiff |
| | 1985-87: AMR Services, O'Hara Airport; Chicago, IL. . | |
| | 1983-85: British Airways O'Hara Airport; Chicago, IL | |



NOV. 12 2003  9:27AM   CAT INC. LEGAL DEPT                    NO 3601   P 37/41

EXPOSURE SHEET FOR:  DONALD MILLER

NAME OF DEFENDANT:  TOYOTA MOTOR NORTH AMERICA, INC.

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|---|---|---|
| Brakes/friction materials | 1987-Present: American Airrlines<br>Miami International Airport,t, Miami, FL;<br>O'Hara Airport; Chicago, ILL. | Plaintiff |
| | 1985-87: AMR Services,<br>O'Hara Airport; Chicago, ILL. | |
| | 1983-85: British Airways<br>O'Hara Airport; Chicago, ILL | |

NOV. 12 2003  9:27AM    CAT INC  LEGAL DEPT.                    NO. 3601   P. 39/41

EXPOSURE SHEET FOR:  DONALD MILLER


NAME OF DEFENDANT:  VOLKSWAGEN OF AMERICA, INC.


**PRODUCTS**

Brakes

**DATES AND JOBSITES**

1987-Present: American Airlines
Miami International Airport, , Miami, FL;
O'Hara Airport; Chicago, IL.

1985-87: AMR Services,
O'Hara Airport; Chicago, IL.

1983-85: British Airways
O'Hara Airport; Chicago, IL.

**WITNESS**

Plaintiff

NOV. 12 2003  9:28AM    CAT INC. LEGAL DEPT.                    NO. 3601   P. 39/41

EXPOSURE SHEET FOR:  DONALD MILLER

NAME OF DEFENDANT:  HENNESSEY HENNESSEY INDUSTRIES, INC. (Subsidiary
of DH Holding and Danaherr Corporation)

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|---|---|---|
| Brakes grinding machine | 1987-Present: American Airrlines Miami International Airport,t, Miami, FL; O'Hara Airport; Chicago, ILL. | Plaintiff |
| | 1985-87: AMR Services, O'Hara Airport; Chicago, ILL. | |
| | 1983-85: British Airways O'Hara Airport; Chicago, IL. | |

NOV 12 2003  9 28AM    FCAT INC  LEGAL DEPT                        NO 3601   P  40 41

EXPOSURE SHEET FOR: DONALD MILLER

NAME OF DEFENDANT: SUBARU OF AMERICA, IINC.

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|----------|-------------------|---------|
| Brakes | 1987-Present: American Airllines Miami International Airport,:, Miami, FL; O'Hara Airport; Chicago, ILL. | Plaintiff |
| | 1985-87: AMR Services, O'Hara Airport; Chicago, ILL. | |
| | 1983-85: British Airways O'Hara Airport; Chicago, IL. | |
| | 1981-83: Al's Auto Mania; Chicago, IL. | |
| | Early 1980's: Al's Truck & BBus; Chicago, IL. | |

NOV 12 2003 9:28AM    CAT INC. LEGAL DEPT.                    NO 360   P. 41/41

EXPOSURE SHEET FOR: DONALD MILLER

NAME OF DEFENDANT: CONSUMER AUTOMOTIVE PARTS, INC.

| PRODUCTS | DATES AND JOBSITES | WITNESS |
|---|---|---|
| Brakes/friction material | 1987-Present: Personal vehicles | Plaintiff |

NOV. 12 2003  9:58AM   CAT INC. LEGAL DEPT.                NO. 3598   P.

# CACE

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE 1 NO.:

03019359 **27**

DONALD MILLER and
ANNINA MILLER, his wife,

    Plaintiffs,

vs.

AMERICAN HONDA MOTOR COMPANY, et al.,

    Defendants.

_____/

A TRUE COPY
HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
OCT 31 2003

## PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION

    Plaintiffs,    and    , by and through their undersigned counsel, hereby submit their response to Defendants' Request for Production, as follows:

    <u>NO. 1</u>:  Personal diaries, notebooks, calendars, or any writings made by you or your family members pertaining to your work history, medical history, marital history or similar matters.

    <u>ANSWER</u>:  None Exist.

    <u>NO. 2</u>:  Diaries, notes, letters, calendars, or memoranda made by any person currently in your possession or reasonably available to you evidencing or describing your work history or your medical history.

    <u>ANSWER</u>: None Exist.

    <u>NO. 3</u>:  Union records, foremen's time cards, foremen's hourly records, or any similar item evidencing your work history.

    <u>ANSWER</u>: None.

NO. 4:  Any correspondence or written documents of ī the following description:  (a) correspondence between you and your local union; (b) correspondence between your local union and your international union;  and (c) correspondence to any persson, of whatever nature relating to your medical condition.

ANSWER:  Will provide, if applicable.

NO. 5:  Any notes, notations, sketches, calendars or othher materials prepared by you at any time which reflect your work history or the identity of any productss you used during your working career.

ANSWER:  Will provide, if available.

NO. 6:  Any product list, product sheet, comparatiive product chart, sketch, diagrams or photographs seen, reviewed or analyzed by you in an effort to reecollect your work history or the identity of any products you missed.

ANSWER: None.

NO. 7:  Any photographs, diagrams, sketches, lists, or chharts of whatever nature in the possession of you or your attorney purporting to list, describe, or show preoducts of these Defendants.

ANSWER:

Objection - work product.

NO. 8:  Any document, note, letter, memorandum or exhhibits of whatever description which you intend to introduce as evidence in this cause which pertains iin any way to these Defendants' alleged involvement in a civil conspiracy as alleged in your Complaintt.

ANSWER:

An exhibit list for each Defendant named in this lawsuuit have been or will be filed in *In Re: Asbestos Litigation,* 17th Judicial Circuit, Broward County, Fllorida, pursuant to this Court's Omnibus Order.  Upon request, Plaintiff will make available the actual exxhibits for Defendants' inspection and/or copies at a mutually convenient time.

NO. 9:  Any document, note, letter, memorandum or exhhibits of whatever description in your possession or available to you, which pertains in any way to theese Defendants' alleged involvement in

NOV 12 2003  9:58AM    CAT INC. LEGAL DEPT.                    NO. 3598   P 3

a civil conspiracy as alleged in your Complaint, whether or r not you intend to use or introduce said documents into evidence at the trial of this cause.

ANSWER:

See Answer to No. 8.

NO. 10:  All statements, correspondence, depositions, or other written materials authored by these Defendants or any of its agents or employees which are : in your possession.

ANSWER:

A list of depositions for each defendant named in this ldawsuit have been or will be filed in *In Re: Asbestos Litigation*, 17th Judicial Circuit, Broward County, FFlorida, pursuant to this Court's Omnibus Order.  Upon request, Plaintiff will make available the actual deposition transcripts for Defendants' inspection and/or copies at a mutually convenient time at the offices of David M. Lipman, P.A.

NO. 11:  All catalogs, product brochures, produce r reference charts, or specification sheets describing or containing reference to products of these Defendants which are in your possession or reasonably available to you.

ANSWER: None.

NO. 12:  Your birth certificate, any marriage licensees and birth certificates of any claimed dependents.  If applicable, death certificate.

ANSWER: Attached or will supplement.

NO. 13:  Your Social Security card, drivers license annd voters registration card.

ANSWER: Attached or will supplement.

NO. 14:  Income tax returns and W-2 forms for the timee period beginning three years before you contend you were disabled by asbestos injury and ending withh the most recent tax year.  Regardless of your disability claim, please produce at least those forms for t the last three years.

ANSWER:

See Attachment A to Plaintiff's Answers to Defendants' Master Set of Interrogatories.

NO. 15:  Your Social Security printout showing your employment history.

ANSWER: A release has been provided.

NO. 16:  Any document of whatever nature you intend to introduce in evidence at trial.

ANSWER:

See Answer to Nos. 8 and 9.  Additionally, as the discovery in this matter progresses, Plaintiff may obtain additional evidence which it will introduce at trial l and will supplement this production and inspection request.

NO. 17:  All depositions or transcripts of prior trials known or available to you which you intend to use or introduce at trial.

ANSWER: See Answers to 8, 9 and 16.

NO. 18:  All medical articles, scientific articles, learned publications or treatises, monographs, studies, letters, written communications of any kind, or documentary exhibits of whatever nature which you contend were possessed by this Defendant pertaining to the harmful effects of chronic exposure to asbestos dust.

ANSWER:

NO. 19:  All medical, hospital and surgical narratives, reports, histories, notes, test results, letters, etc., for any medical treatment you have received in your lifetime.

ANSWER: See Attachment B to Plaintiff's Answers to Interrogatories

NO. 20:  All x-rays, CAT Scans, tissue samples, tissue slides, or similar materials ever taken of you or from you at any time.

ANSWER: See Answers to 19 above.

NO. 21:  All medical, hospital or surgical bills or charges for expenses you allege were incurred because of asbestos injury.



ANSWER:

NO. 22: A recent photograph of you.

ANSWER: Attached or will supplement.

NO. 23: Any correspondence of whatever nature regarding your medical condition.

ANSWER: Attachment "B" to Plaintiff's Answers to ' Interrogatories.

NO. 24: Any expert's report or summary in your possession pertaining to any allegations in your Complaint or any affirmative defense.

ANSWER:

None exist as of this date. Pursuant to this Court's (Omnibus Order entered *In Re: Asbestos Litigation*, 17th Judicial Circuit, Broward County, Plaintiff will supplement this response when Plaintiffs' expert reports or summaries are prepared.

NO. 25: All medical articles, books, journals, studies, treatises, letters, or reports which you intend to use or refer to at the trial of this case or any known or reasonably available to you which support or refute the allegations in your Complaint.

ANSWER: Upon request, Plaintiff will make available all written medical articles, books, journals, studies, treatises, letters, or reports for Defendants' innspection and/or copying at a mutual and convenient time.

NO. 26: A list of publications authored by any expert you have retained in this cause.

ANSWER:

None exist as of this date. Pursuant to this Court's COmnibus Order entered *In Re: Asbestos Litigation*, 17th Judicial Circuit, Broward County, Plaintiff will supplement this response when Plaintiffs' expert reports or summaries are prepared.

NO. 27: Any adjudications concerning any applicatioon for disability or pension made by you to any government or private agency, employer or insurer.

ANSWER:

See Plaintiff's Answers to Defendants' Master Set of Iinterrogatory Numbers 30, 40 and 44

<u>NO. 28</u>:  A copy of Military Discharge Form "DD214".

<u>ANSWER</u>: A release has been provided, if not attacheed.

CACE

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE FNO.:          CA    03019309

DONALD MILLER and
ANNINA MILLER, his wife,

    Plaintiffs,

vs.

AMERICAN HONDA MOTOR COMPANY, et al.,

    Defendants.
_____/

27

OCT 31 2003
A TRUE COPY
HOWARD C. FORMAN
CLERK OF CIRCUIT COURT

**PLAINTIFFS' ANSWERS TO DEFENDANTS' 2/
MASTER SET OF GENERAL INTERROGATORIES**

GENERAL INFORMATION

    Consistent with Florida Rules of Civil Procedure 1.340(b) the Interrogatory responses which follow are based on the knowledge and information possessed by plaintiff's attorneys and paralegal staff, unless otherwise privileged, as well as knowledge and information known to the plaintiff. The plaintiff himself may not have any knowledge or information concerning a particular interrogatory answer or answers. Verification by the plaintiff is not an indication that the plaintiff has any knowledge, personal or otherwise, concerning any particular interrogatory answer which has been provided.

    Moreover, the language and word usage in these interrogatory responses includes that of plaintiff's attorneys. As a result, some or all of these answers may not be in the words or language which the plaintiff himself might use.

INTERROGATORY NO. 1. BACKGROUND: Please state::

  a.   Your full name;
    **ANSWER:**  Donald A. Miller

  b.   Address;
    **ANSWER:**  447 S.W. 169th Street, Weston,a, Florida

  c.   Date and place of birth;
    **ANSWER:**  D.O.B.: 3/7/1961; Chicago, Illilinois

  d.   Social Security Number;
    **ANSWER:**  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

  e.   All other names used by you at any time;
    **ANSWER:**  N/A

  f.   Your height and normal adult weight;
    **ANSWER:**  6'0; 250 lbs.

  g.   Your present weight;
    **ANSWER:**  250 lbs.

  h.   Business address, if any, and occupation on the c date of injury alleged in your complaint;

    **ANSWER:** Plaintiff is unable to state with sspecificity the exact date o which the asbestos related injury occurred during the tiime he/she was exposed to asbestos-containing products alleged in the complaint.

  i.   Present business address, name of employer, wweekly wage, occupation, length of time at present employment, and date last worked. ((If retired, please answer regarding last employment;

    **ANSWER:**
    Present Business Name and Address:

    American Airlines, Miami International Airportt
    Miami, Florida

    Last Employer:

    Weekly Wage: $26/hr

    Occupation:  Mechanic

    Length of Time at Employment: 16 years

Date Last Worked: Currently employed

l.      Your driver's license state and number.
        **ANSWER:** Florida M460-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

**INTERROGATORY NO. 2:** **ADDRESS.** Please set forth in chhronological order thu addresses at which you have resided during the last twenty (20) years, stating inn each instance the house or apartment number, name of street, city or town, and state.

            ANSWER: 1998-Present: 447 S.W. 169ᵗʰ Street, Weston, Florida
                    620 Beau Drive; Laake in the Hills, Illinois
                    111 Ash; Lake in thhe Hills, Illinois
                    Lauderhill, Florida ι

**INTERROGATORY NO. 3:   MARRIAGES AND CHILDREEN:**
    **a.**     If married, please state the wife's first namee, age, date of marriage and spouse's occupation:

            **ANSWER:**
            **Spouse:**    Annna Miller
            **Date of Birth:** 01/04/1964
            **Date and Place of Marriage:** 5/17/1987
            **Occupation**

    **b.**     Names and ages of all children dependent uponn you for support.  Indicate whether the children were born of this mamage.

            **ANSWER:** Samantha Miller - D.O.B.: 7/18/19988
                    Kyrsten Miller - D.O.B. : 1/30/19991

    **c.**     State the names and ages of children not dependendent upon you for support.

            **ANSWER:** N/A
            **Name:**
            **Date of Birth:**
            **Address:**
            **Occupation:**
            **Child of Present Marriage:**

            **Name:**
            **Date of Birth:**
            **Address:**
            **Occupation:**
            **Child of Present Marriage:**

            **Name:**
            **Date of Birth:**

Address:
Occupation:

Child of Present Marriage:

d.    State the names of any other person presently dependent on you for support.

ANSWER:

## INTERROGATORY NO. 4: ANSWER THE FOLLOWING FOR YOUR FAMILY MEMBERS:

ANSWER:

|  | Father | Mother | Brothher(s) | Sister(s) |
|---|---|---|---|---|
| Name | James E. Miller | Joanne Miller | Mike : Miller<br>Tom I Miller<br>Ron NMiller |  |
| Age or<br>Date of Birth | Alive/Will supplement |  |  |  |
| Alive or<br>Date of Death |  |  |  |  |
| City of<br>Residence |  |  |  |  |
| Dependent on<br>Plaintiff? |  |  |  |  |
| Cause of Death<br>(if applicable) |  |  |  |  |

INTERROGATORY NO. 5: Identify any person with whom yvou have resided in the past ten (10) years.

ANSWER: My wife and children.

INTERROGATORY NO. 6: Identify any relative who has ever filed a lawsuit for asbestos injury.

ANSWER: N/A

INTERROGATORY NO. 7: If you have been previously married, state the name of any former spouse; the date and place of marriage; the address of the former spouse; the date sand reasons such marriage was terminated, and identify any children born of the marriage.

ANSWER: N/A
Former Spouse:
Date and Place of Marriage:
Date and Reason Terminated:
Names of Children born of this Marriage:

INTERROGATORY NO. 8:  SCHOOLING:  State your complete educational background, including schools, public or private, trade or vocational.

ANSWER:
Name of School: Barry Elementary
Dates of Attendance: Kelevyn Park High (Graduated)
Grade Level Completed:

Name of School: Greer Technical (2 years)
Dates of Attendance:
Grade Level Completed:

INTERROGATORY NO. 9:  MILITARY:  Have you ever been a member of the Armed Forces of the United States?  If so, state the following:

ANSWER:  N/A
a.      Branch of Service:
b       Service Number:
c       High rank held:
d.      Beginning date of service:
e       End date of service:
f.      Type of discharge:
g.      Were you given a physical examination which included x-rays prior to the time you entered the
        service?  If so, please state when and where youu had your physical taken.

h       Did you receive any injury while in the militaryy service?  If so, explain nature of injury.

i       Did you sustain or incur any illness while in thee military?  If so, explain nature of illness.

j.      Were you given a physical examination which includes x-rays upon leaving the service?  If so,
        please state when and where you had your physiaical taken.

k       Have you claimed any disability for any injury orr physical condition arising out of your military
        service?

INTERROGATORY NO. 10:  CONVICTIONS:  Have you eveer been arrested?  If so, state fully and in detail the date, place and nature of each arrest.
a       Have you ever been convicted of a crime?  If sco, state fully and in detail the date, place and
        nature of each arrest.

ANSWER: Arrested for carrying a pellet gun ouutside Chicago, Illinois - Charges dropped.

**INTERROGATORY NO. 11: SETTLEMENTS:** State whether there has been any settlement with any person or party of claim or part of a claim being asserted herein by whiich any money or other benefit was received, and if so, set forth the details thereof, including the claim made, tthe identity of the person against whom the claim is made, the identity of the person who settled the claim, the aamount of the settlement and date thereof.

      **ANSWER:** None

## UNION MEMBER&SHIP

**INTERROGATORY NO. 12:** Were you a member of any laboor union at any time from 1940 to the present?

      **ANSWER:** Yes

If so, state for each such union membership:
a.     Name: Transportation Workers Union
b.     Local #: 561
c.     Officials known:
d     Dates: Last sixteen (16) years

**INTERROGATORY NO. 13:** If you were a member of a klabor union, did you receive any newspapers, newsletters, or other publication from such union?

      If so, state:

a     The type of each publication received.
     **ANSWER:** Monthly newsletter

b.     The frequency with which publications were reeceived.
     **ANSWER:** Monthly

c     Whether you read such publications.
     **ANSWER:** Yes

d.     Publication date, issue and volume number of eeach issue of said publication received by you in any fashion
     **ANSWER:** Do not recall

**INTERROGATORY NO. 14:** If you were a member of a labor union, other than the International Association of Heat and Frost Insulators and Asbestos Workers, did you reeceive any newspapers, news letters, or other publication from such union? If so, state:
a.     The type of each publication received.
b.     The frequency with which such publications weere received
c     Whether you read such publications.

ANSWER: See Answers to Nos. 12 and 13.

<u>INTERROGATORY NO. 15</u>: Have you ever attended any international or local union meetings, seminars, conferences or conventions where the subject of occupational health and exposure to asbestos was discussed?

ANSWER: No

If so, state:

a.     The date and place of each meeting, seminar, conference or convention.
       ANSWER:

b.     The name and address of speaker.
       ANSWER:

c.     A summary of such speech, presentation or discussion.
       ANSWER:

<u>INTERROGATORY NO. 16</u>: Please list, together with the places and dates, all offices you have held or committees on which you have served in both your local and international union.

ANSWER: Not applicable

<u>INTERROGATORY NO. 17</u>: Have you ever been informed by any person in an official capacity in your local or international union of any possible hazards associated with exposure to asbestos products? If so, state:

ANSWER: No

a.     The identity and official capacity of the individual or individuals who furnished you with such information.
       ANSWER:

b.     The date and place such information was furnished.
       ANSWER:

c.     The manner in which such information was communicated.
       ANSWER:

d.     The nature of such information furnished.
       ANSWER:

e.     What action, if any, you took in response to such information.
       ANSWER:

<u>EMPLOYMENT AND ASBESTOS EXPOSURE</u>

INTERROGATORY NO. 18. EMPLOYMENT HISTORY: State the name and address of each employer, the beginning and ending dates of employment, the nature of the business of the employer, your particular job or job function, your wages, and the numbers of hours you worked each day.

>   ANSWER:
>   Unless contained in Attachment C, Plaintiff will supplement this answer.

INTERROGATORY NO. 19: With respect to each exposure on your exposure sheets please state:

a.   The manner in which you came in contact with same;
b.   The length of time exposed to a product containing asbestos;
c.   As to each location of the product use, state whether indoors or outdoors;
d.   Description of the job on which the product was used;
e.   Your exact duties in connection with the use of the product;
f.   Whether you used the product(s) containing asbestos with you own hands. If so, please give a description of how you used the product(s);
g.   A description of how you used the product;
h.   A description of the packaging material of the product;
i.   The color, shape and size of the product;
j.   Whether the product was cut, formed, sawn, mixed or applied, or whether it was old work being removed;
k.   The exact location on each jobsite which the product was used;
l.   Your employer at the time of this product use; ;
m.   The insulation contractor at the time of this product use, if different from your employer;
n.   The general contractor at the time of this product use;
o.   The owner of the project or improvement at that time of this product use;
p.   Your foreman at the time of this product use;
q.   Any precautions taken by you to avoid the breathing of asbestos dust at the time of this product use;
r.   Any complaints, remarks, claims, or suggestions made by you to your employer concerning your exposure to asbestos dust;
s.   Whether respirators were requested by you or any other worker to your knowledge;
t.   Whether respirators were furnished by your employer;

>   ANSWER:
>   Plaintiff will provide responses to Interrogatory No. 19 in a separate document.

INTERROGATORY NO. 20: Please supply the following information with respect to the answering of these interrogatories:

a.   Give the names and addresses of all persons answering or aiding in answering of these interrogatories.
b.   Give the names and addresses of all persons who were consulted in reference to answering these interrogatories or with whom the answers to these interrogatories were discussed. For each person consulted, state the subject matters involved.
c.   Identify any documents, booklets, writings, pictures, photographs or any other written instruments used, consulted or referenced in answering these interrogatories.

**ANSWER:**

a.  Michael T. Tomlin - Attorney
    Carla M. Miro - Legal Assistant

    All individuals identified are employees of M nanin, B andklayder, B lackwell, B aumgarten, Torricella & Stein, 100 S.E. 2nd. Street, Ste. 4 000, Miami, Florida 33131 (305)373-4900

b.  See answer to 20(a) above.  As to the subject matter of the consultation, this information is privileged pursuant to the attorney/client privilege of the Florida Evidence Code 90.502, et seq.

c.  See answer to 20(b) above.

**INTERROGATORY NO. 21**: State the total amounts earned by you in each full year for the preceding seven (7) years and the total amount earned by you in the present calendar year up until the date of the answer to this interrogatory together with the sources (by name and address and length of time employed) from which the amounts were received.

a.  Identify all W-2 forms and income tax returns filed by you or on your behalf during the past seven (7) years to the present date.

b.  Produce copies of W-2 forms, and income taxx returns, if you will do so without request for production.

**ANSWER:**
Unless contained in Attachment A, Plaintiff wikll supplement this answer.

**INTERROGATORY NO. 22**: Have you missed time from workk as a result of the conditions which are the basis of this suit?  If so, please state the following:

a.  How much time have you lost from work and  were there any deductions from your pay as a result of lost time?  Please state the exact datess you were absent and exact amounts deducted from your pay.
    If Plaintiff is claiming lost wages, this answer wwill be supplemented at a later date.

b.  How much in wages, if any, have you lost as a reesult of the injuries made on a basis of this suit
    If Plaintiff is claiming lost wages, this answer wwill be supplemented at a later date.

**ANSWER:**

**INTERROGATORY NO. 23**: State whether or not Plaintiff claiims any diminution in earning power.  If so, set forth the details thereof.

**ANSWER:** See Answer to No 22 above.

**INTERROGATORY NO. 24: PRECAUTIONS**.  Did you ever taake any measures or precautions to reduce your inhalation of asbestos dust?  If so, specify the specific device orr method used

**ANSWER:** Will supplement.

NOV 12 2003  9:03AM    CAT INC. LEGAL DEPT.                    NO.3598   P. 16

INTERROGATORY NO. 25:  After being informed that you r were suffering from an alleged asbestos-related illness, did you continue to engage in any activity or occupation in which you encountered subsequent exposure to asbestos or asbestos-containing materials?  If your answer t is affirmative, please state:

    a.     Nature and description of such activity or occupation.

    b.     Identity of your employer at the time of and subsequent to the diagnosis of any of the ailments referred to in the above interrogatory, including job title, description of work activities and duties and manner and extent of resulting exposure to asbestos or asbestos-containing materials.

    c.     Your detailed reasons for engaging in such activity or occupation.

**ANSWER:** No.

INTERROGATORY NO. 26:  With respect to every person yoou identify for purposes of product identification or job condition, please state:

    a.     Which person(s) listed on the exposure sheet vwas a co-worker, and, if so, specify.

    b.     Whether you know such individual personally.

    c.     Whether you believe that this individual can teestify that you were present at the jobsite during the period of time specified in you exposure shheet

    d.     Whether you believe that this individual can teestify from personal knowledge that you worked with or in close proximity to the asbestos containing products which you have listed on your exposure sheets.

**ANSWER:**
Plaintiff will provide responses to Interrogatory No. 26 in a separate document.

INTERROGATORY NO. 27:  Identify any document, note,  drawing, or writing of any nature whatsoever produce by you or at your request or direction, which tends . to record or refresh your recollection of your employment history or your exposure history, if any.  Include: in this list any document which, although not authored by you, you intend to rely on to assist you in testifyinng about your work history or your exposure to asbestos-containing products. if you contend you were so exposed.

**ANSWER:**
Social Security Earnings Record
Union Records (if applicable)
Personnel Records (if applicable)
If any other documents are responsive to this Innterrogatory, they are attached.

INTERROGATORY NO. 28:  Identify every person with whonm you have consulted in an effort to recollect or reconstruct your job history, employment history, or asbestos ccontaining product history.  For each person so identified, supply the date or dates that person was consulted i and the information or knowledge, in specific detail, imparted

**ANSWER:**
Plaintiff has consulted with his attorneys and l their staff. As to information or knowledge imparted by Plaintiff to his attorneys or his staff, such knowledge is privileged pursuant to the attorney/client privilege of the Florida Evidencee Code 90.502 et seq.

INTERROGATORY NO. 29: Have you worked with or arounnd asbestos containing products manufactured by companies not named as Defendants in this suit? If so, state t the company(s).

    ANSWER:

    Plaintiff will supplement this answer.

INTERROGATORY NO. 30: State the extent of your knowleedge with respect to the health hazards of inhaling asbestos.
| a. | The date, time and place that you first acquireed such knowledge. |
| b. | Specific identity of each source of informationn providing or leading to such knowledge. |

    ANSWER:
| a. | To the best of his/her knowledge, Plaintiff beliieves he/she became aware of the health hazards of inhaling asbestos sometime in the 1980's. |
| b. | To the best of his/her knowledge, Plaintiff boelieves that the source of this knowledge was through the general media; i.e., newspapers, teelevision, union meetings. |

INTERROGATORY NO. 31: State whether you have ever mnade any complaint about working with asbestos products prior to being made aware of any possible adverse efffects as related in interrogatory No. 30, and if so, the details of any such complaints, including when made, to whom made, the nature of such complaints, and the consequent action by any party as a result of such complaints.

    ANSWER:
    Under normal circumstances, Plaintiff did not ccomplain about working conditions unless he/she was aware or made aware of any hazards connnected with my employment.

INTERROGATORY NO. 32: Did you at any time receive, havee knowledge of, possess any device, publication, warning, order, directive, requirement or recommendation, wrriitten or oral, which purported to:
| a. | Advise or warn you of possible harmfull effects of exposure to or inhalation of asbestos-containing products; or |
| b. | Advise or recommend as to the techniques, metkhods or equipment which would serve to reduce or guard against such potentially harmful expposure. |

    ANSWER: See Answers to Nos. 17 and 30.

INTERROGATORY NO. 33: If your answer to any part of thhe preceding interrogatory is in the affirmative, please state:
| a. | The nature and exact wording of such advicce, wwarning or recommendation, or if not the exact wording, the substance thereof. |
| b. | The complete identity of each source of such aadvice, warning recommendation, etc. |
| c. | The date, time, place, manner and circumstances when each such advice, warning, recommendation, etc. was given. |
| d. | The identity of each and every witness to plaintiff's receipt of such advice, warning, recommendation, etc. |

e.    The identity and job title of each and every co-worker or similar member of your trade and occupation who also received to your knowledge the same or similar advise, warning, recommendation, etc.

**ANSWER:** See Answers to Nos 17 and 30

INTERROGATORY NO. 34: Have you ever made any claims for damages for any personal injury? If so, state

**ANSWER: NO**

a.    The persons against whom said claims were mmade.

b.    The basis of such claim.

c.    The nature and extent of the injuries claimed.

d.    The present status of such claim; and if concluded, the final result, including the amount of any settlement.

INTERROGATORY NO. 35  PERSONAL INJURY:  Have you filed a suit or action for damages for any personal injury? If so, state:

See answer to Interrogatory Number 34.

a.    The names and addresses of all plaintiffs, defendants, or other parties, and their attorneys

b.    The court and place where each suit was filed ; and the date of filing.

c.    The nature and extent of the injuries claimed.

d.    The present status of each suit, and if concluded, the final result., including the amount of any settlement or judgment.

ACCIDENTS:  Have you ever been in a motor vehiculanr accident?  If so, please state:

**ANSWER:** Will supplement.

a.    The date(s) and place(s) the accident occurred

b.    What injuries (if any) you sustained.

c.    What hospital(s) or doctor(s) treated you as a result of the car accident(s).

INTERROGATORY NO. 36: Have you ever made a claim for, oor received Workmen's compensation, or similar benefits? If so, state the date and the state in which the foregoinng occurred, your employer, and the disposition of the claim.

**ANSWER:**
No

INTERROGATORY NO. 37: Have you ever at any time made a claim for or received any health or accident insurance benefits, disability benefits, pensions, accident ccompensation payments, or veterans' disability compensations awards? If so, state for each:

    a.     The circumstances under which you received l the benefits, awards, of payments.

    b.     The illness, injury, or injuries for which you rreceived the benefits, awards, or payment.

    c.     The names and addresses of your employers at t the time of each injury or illness for which such an award was received or claimed.

    d.     The names and addresses of the examining dooctors of each injury or illness.

    e.     The names of the superiors, officers, boards, onr tribunals before which or to whom the claim or claims were made or filed, and the dates madee or filed.

    f.     The amount of the benefits, awards or paymennts.

    g.     The dates covering the times during which youu received the benefits, awards or payments.

    h     The agencies or insurance companies from whomm you received the awards, benefits or payments.

**ANSWER:** See Interrogatory No. 34, 35, 36

INTERROGATORY NO. 38: Do you now have any heealth, accident, disability, life or hospitalization insurance policies (individual or group)? If so, state the followinng: Name and address of the insurance company, the type of insurance and the name of the policyholder, the datess of commencement and expiration of coverage, the policy number and the policy limits.

    **ANSWER:**
    Name of Insurance Company:
    Address:
    Type of Insurance:
    Policyholder:
    Date of Commencement of Coverage:
    Date of Expiration of Coverage:
    Policy Number:
    Policy Limits:

INTERROGATORY NO. 39: Are there any written statement.ts from any persons having knowledge of facts relevant to the subject matter of this lawsuit, including but not lismited to, witnesses to your use of and exposure to asbestos and any alleged injury or condition? Identify any ssuch statements.

    **ANSWER:**

At the time of filing Plaintiff(s) Witness and Exhibit List, a list of co-workers will be provided indicating whether their testimony will be given through previous depositions or whether they will appear at the trial of this action.

As to alleged injury or condition, see Plaintiffs' answerss to Interrogatories No. 50 through 60

**INTERROGATORY NO. 40:** Are there any written statements or oral transcriptions of the statements of this Defendant, or agent, servant, or employer of this Defendant in t this action? If so, state the name of such person, where and when the statement or statements were obtained, annd the circumstances of obtaining the same.

**ANSWER:**
See the following:

a.  Plaintiffs' Master List of Expert Witnesses, Mdaster List of Exhibits as to All Defendants, and Master List of Depositions and Trial Testimonyy to be Read at Trial, and all amendments thereto, filed In Re: Asbestos Litigation, Case No. 92-990,000 (27).

b.  Plaintiffs' List of Witnesses, List of Exhibits annd List of Depositions and Trial Testimony to be Read at Trial for each Defendant named in thiss lawsuit, together with all amendments thereto, filed In Re: Asbestos Litigation, Case No. 92-990,000 (27).

c.  On or before 45 days prior to the trial of this auction, Plaintiff may file additional witness and exhibit lists which are case specific.

**INTERROGATORY NO. 41:** Were you ever employed by anyy of the defendants to this lawsuit or any of their alleged predecessors? If so, specify the dates and locations of f such employment.

**ANSWER:** No

**INTERROGATORY NO. 42:** Do you contend that any Defendant failed to take reasonable care to provide users, such as the plaintiff, with knowledge of reasonably safe t or proper protection equipment and appliances to protect him from the hazards of exposure to asbestos-conntaining dust? If so, state separately for each Defendant:

a   Specify in detail the type of proper protective ecquipment and appliances which would protect the Plaintiff from the hazards of exposure.

b.  Specify the date which the Defendant should hhave provided Plaintiff with knowledge of this equipment.

c.  Specify where this equipment was available to i be purchased by the Plaintiff.

d.  Specify whether the Plaintiff had access to this t equipment.

e.  Specify how this Defendant should have providded Plaintiff with this equipment.

f.  Identify the suppliers of this equipment at a timne material to Plaintiff.

g.  Identify any witnesses known to you who can tdestify on this subject.

h.  Identify any documents relevant to this subject. .

**ANSWER:**

a.  Any respiratory equipment which would separatee or otherwise prevent the inhalation of asbestos.

b.  Defendants should have provided Plaintiff witth the knowledge of this equipment from the beginning of his/her exposure to the Defendantss' asbestos-containing products.

c.  Unknown.

NOV. 12 2003  9:06AM    CAT INC. LEGAL DEPT.                    NO 3598   P  2

d.      Unknown.
c.      Not applicable.  Plaintiff does not possess thee technical knowledge to respond.
f.      Unknown.
g.      Unknown at this time.
h.      None.

INTERROGATORY NO. 43:  Do you contend that any Defenddant breached a "continuing duty" to the Plaintiff?
If so, state separately for each Defendant:
a.      The nature of the duty.
b.      The dates, inclusive, when it was breached.
c.      Conduct would have discharged the duty.
d.      Alleged damages flowing from that breach.

        ANSWER:
a.      Plaintiff incorporates by reference allegations s of Plaintiff's Complaint filed in this case.
b.      The duty was breached from the date Plaintiff wwas first exposed to asbestos-containing products
        until the last date of exposure.
c.      See response to "a." above.
d.      See response to Interrogatory No. 44.

                            DAMAGES

INTERROGATORY NO. 44:  DAMAGES:  Itemize all damaages, general or special, that you are claiming in
this lawsuit.  In this please include:
a.      Your past medical expenses.
b.      Your past lost wages, showing lost time and wwage rate.
c.      Your future medical expenses.
d.      Your lost wages.
e       Your past pain and suffering.
f       Your future pain and suffering.
g.      Any other element of damages you claim.

        ANSWER:
a.      If applicable, will provide at a later date.
b.      See Answers to Interrogatories No. 22 and 23.
c       Because of the continuing nature of the Plaintif ff's injury, this information will be provided at a
        later date, if applicable.
d.      See Answers to Interrogatories No. 22 and 23.
c.      If applicable, will provide at a later date.
f.      Because of the continuing nature of the Plaintif ff's injury, this information will be provided at a
        later date, if applicable.
g.      Will provide at a later date.

NOV 12 2003  9:06AM   CAT INC. LEGAL DEPT   NO. 3596   P. 22

## MEDICAL AND HEALTH INFORMATION

INTERROGATORY NO. 45: With regard to each treating, examining, or consulting physician with whom you have been a patient for any reason, please state:

  a.  The name, address, and telephone number of the physician.
  b.  The physician's specialty.
  c.  Date first examined.
  d.  How many times and when you saw the physician.
  e.  Reason for seeking medical care.
  f.  Physician's diagnosis.
  g.  Are you currently being treated by this physician?
  h.  Do you intend to call this physician as witness??

  **ANSWER:**
  See Attachment B.

INTERROGATORY NO. 46: In your complaint, you allege thaat you suffer physical injuries as a result of your exposure to products containing asbestos. Please state with partiticularity the disease(s) allegedly caused by said exposure.

  **ANSWER:**
  Plaintiff suffers/suffered from an asbestos related disease(s) as a result of his/her exposure to asbestos containing products.

INTERROGATORY NO. 47: Please state the symptoms of thee disease(s) alleged to have resulted from your exposure to asbestos.

  **ANSWER:**
  As a result of his/her asbestos related disease, PPlaintiff has suffered and will continue to suffer mental anguish, pain, shortness of breath, wheezing, coughing spells, and congestion. In addition, Plaintiff's quality of life has been affecteed in that he/she can no longer continue his/her daily activities.
  (If wrongful death action, answer is not applicabble)

INTERROGATORY NO. 48: For each symptom listed above, pllease provide the month and year when you first became aware of that symptom.

  **ANSWER:**
  Plaintiff cannot answer with specificity the exaact month and year when he/she first became aware of these symptoms.

INTERROGATORY NO. 49: Please state the date on which thee disease(s) regarding your asbestos exposure was first diagnosed.

  **ANSWER:** Plaintiff will supplement.

INTERROGATORY NO. 50: Please state the name and address of the physician who diagnosed your asbestos related disease.

ANSWER: See attachment "B"

INTERROGATORY NO. 51: Do you contend that you are skuffering from any other disease/abnormality not listed above, which you believe has been caused/aggravated by ? your exposure to asbestos? If so, please describe.
    a.        The disease abnormality.
    b.        The name and address of the physician who ddiagnosed same.
    c.        Date the first diagnosis of the disease or abnoormality.  When the report was rendered.
    d.        Identify any medical reports or records which i reflect such diagnosis.

        ANSWER:
    a.        See Answer to Interrogatory No. 46
    b.        See Answer to Interrogatory No. 50
    c.        See Answer to Interrogatory No. 49
    d.        See Answer to Interrogatory No. 50 & 53 (Atttachment B)

INTERROGATORY NO. 52: For each physician who has iinformed you that you have an asbestos related disease, please state:
    a.        The name and address of the physician(s).
    b.        When and how you were informed.
    c.        State the substance of the information obtaineed.

        ANSWER:
        See Response to Interrogatory No. 50 and Attaachment "B".

INTERROGATORY NO. 53: Has any physician issued a cconsultation or narrative report regarding your asbestos injuries?  If so, please state:
    a.        The name and address of the physician(s).
    b.        When the report was rendered.

        ANSWER:
        See Response to Interrogatory No. 50 and Attachment "B".

INTERROGATORY NO. 54: Has any physician rendered ann opinion that you more likely than not have a shortened life expectancy as a result of your inhalation of asbestos fibers?  If so, please state:
    a.        The name and address of the physician(s).
    b.        When and how you were so informed.
    c.        State the substance of the information obtainedd.

        ANSWER:
        See Attachment B  (If wrongful death action, annswer is not applicable)

INTERROGATORY NO. 55: Have you been given a disability rating for any reason by any public or private entity? If so, please state:

    a.    The nature of the disability.
    b.    The disability rate given.
    c.    The name and address of the entity providing such rating.
    d.    The date the rating was given.
    e.    Whether a written report or finding accompanied such rating.

**ANSWER:**
See Plaintiff's response to Interrogatory No. 337.  ( If wrongful death action, answer is not applicable)

INTERROGATORY NO. 56 Has any physician informed you that you are incapable of performing your normal occupation? If so, please state:

    a.    The name of the physician(s).
    b.    When and how you were informed.
    c.    State the substance of the information obtained.

**ANSWER:**
See Attachment B.  (If wrongful death action, answer is not applicable)

INTERROGATORY NO. 57: Has any physician told you that you more likely than not will contract other diseases, including cancer, as the result of inhalation of asbestos fibers? If so, please state:

    a.    The name and address of physician(s).
    b.    When and how you were so informed.
    c.    State the substances of the information.

**ANSWER:**
See Attachment B.  (If wrongful death action, answer is not applicable)

INTERROGATORY NO. 58 : Please list each and every hospital or health care facility in which you have received treatment either as an inpatient or an outpatient.

    a.    The name and address of the institution.
    b.    The date the treatment was rendered.
    c.    The reason for seeking medical treatment.
    d    Final Diagnosis.

**ANSWER:**
Hospital/Facility:
Address:
City/State:
Phone Number:
Date of Treatment/Confinement:
Reason for Confinement:
Final Diagnosis:

Attending Physician:
See Attachment B.

INTERROGATORY NO. 59: For each and every x-ray, MRI, c or CAT scan you have undergone, please provide the following information:

a        The name and address of the institution.
b.      The date the treatment was rendered.
c.      The reason for seeking medical treatment.
d.      Final diagnosis.

ANSWER:
Unless provided in Attachment B, Plaintiff wikil supplement this answer.

INTERROGATORY NO. 60: For each and every pulmonary ı function study you have done, please state:

a.      Date and place, including address, where pulmonary function studies were done.
b.      Physician who ordered the pulmonary functionn studies.
c.      Reason for pulmonary function test.
d.      Name and address of physician who interpreted the results.

ANSWER:
Unless provided in Attachment B, Plaintiff wikil supplement this answer.

INTERROGATORY NO. 61: Have you at any time sustained bodily injury of any kind by or through an accident of any type, kind or character? If so, please state the ı following with respect to each injury:

a.      Date and place of accident.
b.      Type of accident.
c.      Nature of the injuries.
d.      Whether or not any such injury involved any paart or function of the body claimed in this suit to have been injured.

ANSWER: See answers to Interrogatory No. 335

INTERROGATORY NO 62: Have you ever suffered from any ppsychological or emotional illnesses or distress? If so, please state:

ANSWER: No

a.      The nature of your emotional illnesses or distress.
ANSWER:

b.      The date of occurrence.
ANSWER:

c.      The name and address of the person rendering tnreatment or counseling for such condition
ANSWER:

d.      Was confinement in a hospital or other facility required? If so, please provide the name of the facility and the date(s) of confinement.
ANSWER:

INTERROGATORY NO. 63. Have you ever been discharged l from, or voluntarily left, an employment position or occupation, or changed residence due to health reasons?  If so, please state in detail the times, places, and circumstances.

ANSWER:

INTERROGATORY NO. 64: SMOKING:  If you have ever - used tobacco products, please state:

ANSWER:

a.      Date first used.
ANSWER: 1979

b.      Type of product and brand.
ANSWER: Cigarettes

c.      Average rate of use or consumption.
ANSWER: 1/4 pack per day

d       Maximum daily rate of use or consumption.
ANSWER:

e.      Current daily rate of use or consumption.
ANSWER: None

f       List any years without any use or consumption 1 since date first used.
ANSWER: 1981

g       Identify any physicians who have counseled yoou to stop your use or consumption.
ANSWER: N/A

h.      Are you aware of any warning labels on the prooducts you use?
ANSWER: Yes

i.      When were you first so aware?
ANSWER: 1979

j       Are you aware of the Surgeons General's warning on cigarettes?
ANSWER: Yes

INTERROGATORY NO. 65: Please indicate below any substances to which you have been exposed giving dates, location and health effects:

| | | | |
|---|---|---|---|
| (a) | Fiberglass; | (i) | Limestone dust; |
| (b) | Welding fumes; | (j) | Asphalt; |
| (c) | Free silica (sand); | (k) | Gasoline fumes; |
| (d) | Chlorine gas; | (l) | Mineral oils; |
| (e) | Other toxic gasses; | (m) | Ionizzing radiation; |
| (f) | Pesticides; | (n) | Refractory cement |
| (g) | Coal dust; | (o) | Ethylene oxide |
| (h) | Metal dusts; | (p) | Erionite |
| | | (q) | Others |

**ANSWER:**
At this time, Plaintiff does not recall exposure to any of the above-listed substances.

INTERROGATORY NO. 66: In regard to the illnesses, relevant working conditions, or other circumstances complained of in this action, or related to the subject matterr of this lawsuit, do you have knowledge of any photographs, charts, drawings, diagrams, or other graphic reppresentations concerning the same? If so, state:

a.   How many photographs or documents were porepared.
b.   On what dates were they taken or prepared.
c.   What views, scenes or objects do they depict..
d.   Identify the person making or preparing the saame.
e    Identify the person having custody of the samae.
f.   Which of the above documents were made by / you on your behalf.

**ANSWER:** None at this time.

INTERROGATORY NO. 67: List every sickness, illness, orr injury you have ever suffered, include date(s) suffered, treating physician and current status:

| | |
|---|---|
| (a) | Heart disease; |
| (b) | Cancer, Sarcoma, Lymphoma (all types), |
| (c) | Bone disease or injury |
| (d) | Gastrointestinal problems |
| (e) | Pulmonary disorders (not previously listed) |
| (f) | Congenital deformity or disease |
| (g) | Stroke, CVA |
| (h) | Back injury or problem |
| (i) | Diabetes; |
| (j) | Hypertension |
| (k) | Surgery |
| (l) | Other major diseases |

**ANSWER:**
See Plaintiff's response to Interrogatory Nos. 455, 58 and Attachment "B", herein.

**INTERROGATORY NO. 68**:  If the Plaintiff is a personal representative of the decedent's estate, please state the following.

        **ANSWER:**  Not applicable

a.       What was the date of the death of decedent?
       **ANSWER:**

b.       What was the cause of death according to the Death Certificate?
       **ANSWER:**

c.       Was an autopsy performed?
       **ANSWER:**

d.       If so, give name and address of the hospital or otkher facility at which the autopsy was performed.
       **ANSWER:**

STATE OF FLORIDA:
                :SS
COUNTY OF DADE :

BEFORE ME THIS DAY, personally appeared _____ _____, who, being duly sworn, deposes and says that he/she has reviewed the foregoing set of Interrogatories to Plaintiff, from Defendants listed above, and has answered said Interrogatories, and hereby swwears and affirms that the answers are true and correct.

_____

SWORN TO AND SUBSCRIBED BEFORE ME, this ____ day of _____, 2003.

_____
NOTARY PUBLIC
STATE OF FLORIDA AT LARGE

My Commission Expires:

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original and copies of theese Answers to Interrogatories were provided to all Defendants on October 30, 2003.

Respectfully submittedJ,

DAVID M. LIPMAN, P.A.
Attorney for Plaintiffs
5901 S.W. 74ᵗʰ Street, Suite 304
Miami, Florida 33143-5186
Telephone: (305) 662-2600

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN, TORRICELLA & STEIN,
Attorneys for Plaintiffs :
Bank of America Toweer, Suite 4300
100 S.E. Second Street
Miami, Florida 33131-22144
Telephone: (305) 373-4900
Facsimile: (305) 373-6914

By: _____
MICHAEL T. TTOMLIN
Florida Bar No. : 829854

ATTACHMENT A
INCOME RECORDS

ATTACHMENT B
RADIOLOGY REPORT
PULMONARY FUNCTION STUDY
MEDICAL REPORTS AND EXPENSES
If Not Provided, Will Supplement

NOV 12 2003  9 09AM    CAT INC. LEGAL DEPT.          NO 3593   P. 33

# Mezey & Krainson, M.D., P.A.

Robert J. Mezey, M.D., FCCP
Board Certified in Internal Medicine
Pulmonary Disease
Certified NIOSH "B" Reader

James P. Krainson, M.D., FCCP
Board Certified in Internal Medicine
Pulmonary Disease
Certified NIOSH "B" Reader

*MILLER, DON*

WORKER'S Social Security Number     TYPE OF READING     FACILITY IDENTIFICATION

[ 8 | 9 | 7 | 5 | 4 | 6 | 0 | 0 | 3 ]     [A] [X] [P]     [ | | | | ]

| 1A. DATE OF X-RAY | 1B. FILM QUALITY | 1C. IS FILM COMPLETELY NEGATIVE? |
|---|---|---|
| [0|4] [0|8] [0|2] | 1 ☒ 2 3 4 | YES ☐  NO ☒ |

| 2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS? | YES ☒ | COMPLETE 2B and 2C ☐ | PROCEED TO SECTION 3 |

**2B. SMALL OPACITIES**

a. SHAPE/SIZE
PRIMARY   SECONDARY
[p] [q]   [p] [q]
[☒] [☐]   [☐] [☒]
[r] [s]   [r] [s]
[t] [u]   [t] [u]

b. ZONES
R  L

c. PROFUSION
[0/-][0/0][0/1]
[1/0][1/1][1/2]
[2/1][2/2][2/3]
[3/2][3/3][3/+]

**2C. LARGE OPACITIES**
SIZE [ |A|B|C| ]

PROCEED TO SECTION 3

| 3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS? | YES ☐ | COMPLETE 3B, 3C and 3D ☐ | NO ☒ PROCEED TO SECTION 4 |

**3B. PLEURAL THICKENING**

a. DIAPHRAGM (plaque)
SITE [0|R|L]

b. CONTOPHRENIC ANGLE
SITE [0|R|L]

**3CC. PLEURAL THICKENING ... Chest Wall**

a. CIRCUMSCRIBED (plaque)

| | SITE [0|R] | [0|L] |
| IN PROFILE | WIDTH [0|A|B|C] | [0|A|B|C] |
| | b. EXTENT [0|1|2|3] | [0|1|2|3] |
| FACE ON | b. EXTENT [0|1|2|3] | [0|1|2|3] |

b. DIFFUSE

| | SITE [0|R] | [0|L] |
| IN PROFILE | WIDTH [0|A|B|C] | [0|A|B|C] |
| | b. EXTENT [0|1|2|3] | [0|1|2|3] |
| FACE ON | b. EXTENT [0|1|2|3] | [0|1|2|3] |

**3D. PLEURAL CALCIFICATION**

SITE [0|R]    EXTENT
a. DIAPHRAGM [0|1|2|3]
b. WALL [0|1|2|3]
c. OTHER SITES [0|1|2|3]

SITE [0|L]    EXTENT
a. DIAPHRAGM [0|1|2|3]
b. WALL [0|1|2|3]
c. OTHER SITES [0|1|2|3]

PROCEED TO SECTION 4

| 4A. ANY OTHER ABNORMALITIES? | YES ☐ | COMPLETE 4B and 4C ☐ | NO ☒ PROCEED TO SECTION 5 |

**4B. OTHER SYMBOLS (OBLIGATORY)**

[0] [ax] [bu] [ca] [cn] [co] [cp] [cv] [di] [ef] [em] [es] [fr] [hi] [ho] [id] [ih] [kl] [me] [pa] [pb] [pi] [px] [ra] [rp] [tb] [od]

Report items which may be of possible clinical significance in this section.

SPECIFY (s)
[ 0 | 0 ]

See Personal Physician notified?
[ | | | | ]

**4C. OTHER COMMENTS**

☒  Interstitial Lung Disease Consistent with Asbestos Exposure / Asbestos Related Disease

☐  Pleural Thickening / Pleural Plaques consistent with Asbestos Exposure / Asbestos Related Disease

SHOULD WORKER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C    YES ☐ NO ☐
PROCEED TO SECTION 5

**5. FILM READER'S INITIALS** [R|J|M]

PHYSICIAN'S SOCIAL SECURITY NUMBER [ | | | | | | | | ]

DATE OF READING [0|5][2|9][9|8]

NAME (LAST—FIRST——MIDDLE)
*Mezey, Robert J*

STREET ADDRESS
7100 S.W. 110th Street #300, Miami, FL  33173

CDC/NIOSH (M) 2.8
REV 4/98

NOV. 12. 2003  9:10AM    CAT INC. LEGAL DEPT            NO. 3593   P. 34



**MEZEY & KRAINSON, M.D., P.A**
Robert Mezey, MD James Krainson ,MD
Fabriccio Letellier,MD C. Melkin, MD

Date: 10/23/03
Id: 3-7-61/CPFT/JP/TOM
Name: MILLER, DONALD
Physician: JAMES KRAINSON, MD

Age: 42   Height(in): 72   Weight(lb): 255   Gender: Male
Race: Caucasian Diagnosis:                Medication:
Dyspnea Rest: No            Dyspnea Exercise: No
Cough: No          Persistent: No          Productive (cc):
Smoker: No          How Long(pk/yrs):        Stopped(yrs):
Cigarettes: No          Cigars: No
Technician: E.R.                    Temp: 17 PBar: 762

### Spirometry

| | | Ref | Pre Meas | Pre % Ref | Post Meas | Post % Ref | Post % Chg |
|---|---|---|---|---|---|---|---|
| FVC | Liters | 5.43 | | | | | |
| FEV1 | Liters | 4.36 | | | | | |
| FEV1/FVC | % | 80 | 78 | | | | |
| FEF25-75% | L/sec | 4.27 | 3.19 | 75 | | | |
| PEF | L/sec | | 7.94 | | | | |
| FET100% | Sec | | 12.88 | | | | |
| FIVC | Liters | 5.43 | | | | | |
| FIF50% | L/sec | | 3.88 | | | | |
| MVV | L/min | | 102 | | | | |

### Lung Volumes

| | | Ref | Pre Meas | Pre % Ref | Post Meas | Post % Ref |
|---|---|---|---|---|---|---|
| VC | Liters | 5.43 | | | | |
| TLC | Liters | 7.35 | 6.08 | 83 | | |
| RV | Liters | 1.98 | 1.90 | 96 | | |
| RV/TLC | % | 27 | 31 | | | |
| FRC Dil | Liters | 3.73 | 3.04 | 82 | | |
| ERV | Liters | | 0.57 | | | |

### Diffusion

Hb:

| | | Ref | Pre Meas | Pre % Ref | Post Meas | Post % Ref |
|---|---|---|---|---|---|---|
| DLCO | mL/mmHg/min | 40.6 | | | | |
| DL Adj | mL/mmHg/min | 40.6 | | | | |
| VA | Liters | | 4.93 | | | |
| IVC | Liters | | 3.88 | | | |
| BHT | Sec | | 10.04 | | | |

Version: IVS-0101-04-38

PPF Reference: CRAPO/MSU

NOV. 12. 2003· 9:10AM   CAT INC. LEGAL DEPT, H.D.   ...3593   P. 2

**Name: MILLER, DONALD**    ID: 3-7-61/CPFT/LIP/TOM
*Flow Cal Date: 10/23/03*
*Pred Volume: 3.00*

*Expire Avg: 3.01*

*Inspire Avg: 3.00*

*Comments*

*Interpretation*

NOV. 12 2003  9:11AM    CAT INC. LEGAL DEPT. M.D.        3052551067  NO 3593  P. 36

**Name: MILLER, DONALD**

**ID: 3-7-61/CPFT/LIP/TOM**

**PRE_____**





NOV 12 2003  9:11AM   CAT INC. LEGAL DEPT.                    NO 3598   P 37
                                                    3052551087              P.4

**Name: MILLER, DONALD**                          **ID: 3-7-51/CPFT/LIP/TOM**





Version: IV3-0101-04-3B                                        Page 4

NOV. 12. 2003, 9.1'AM     CAT INC. LEGAL DEPT. M.D.          J052551067  NO. 3593  P  32
                                                                                     P. 5

**Name: MILLER, DONALD**                        **ID: 3-7-61/CPFT/LIP/TOM**

PRE

  

POST

**MEZEY & KRAINSON, M.D., P.A**
Robert Mezey, MD James Krainson ,MD
Fabriccio Letellier,MD C. Meltin, MD

Date: 10/23/03                    Pre

Flow Volume Loop — MILLER, DONALD - 3-7-41/CPFT/LIP/TOOM

| | Ref | Best | % Ref | 1 | 2 | 3 | 4 |
|---|---|---|---|---|---|---|---|
| FVC | 5.43 | 4.18 | 77 | 4.18 | | 4.04 | 4.13 |
| FEV1 | 4.36 | 3.28 | 75 | 3.28 | | 3.27 | 3.27 |
| FEV1/FVC | 68 | 78 | | 78 | | 81 | 79 |
| FEF25-75% | 4.27 | 3.19 | 75 | 3.19 | | 3.43 | 3.09 |
| PEF | | 7.94 | | 6.96 | | 7.38 | 7.94 |



NOV. 12 2003  9:12AM   CAT INC. LEGAL DEPT.  M.D.        3052551087   NO. 3598   P. 40

**MEZEY & KRAINSON, M.D., P.A**
Robert Mezey, MD James Krainson ,MD
Fabriccio Latellier,MD C. Meldin, MD

Date: 10/23/03              Pre

**Flow Volume Loop — MILLER, DONALD - 3-7-41/CPFT/LIP/TOWM**

|           | Rel  | Best | % Rel | 1    | 2    | 3    | 4    |
|-----------|------|------|-------|------|------|------|------|
| FVC       | 5.43 | 4.18 | 77    | 4.18 |      | 4.04 | 4.13 |
| FEV1      | 4.36 | 3.28 | 75    | 3.20 |      | 3.27 | 3.27 |
| FEV1/FVC  | 80   | 78   |       | 78   |      | 81   | 79   |
| FEF25-75% | 4.27 | 3.19 | 75    | 3.19 |      | 3.43 | 3.09 |
| PEF       |      | 7.94 |       | 6.96 |      | 7.38 | 7.94 |

NOV. 12 2003  9:12AM   CAT INC. LEGAL DEPT.                NO. 3598   P. 41

MEZEY & KRAINSON, M.D., P.A
Robert Mezey, MD James Krainson ,MD
Fabriccio Letellier,MD C. Meltin, MD

Date: 10/23/03                    Pre

Flow Volume Loop --- MILLER, DONALD - 3-7-81/CPFT/IJP/TCOM

| | Ref | Best | % Ref | 1 | 2 | 3 | 4 |
|---|---|---|---|---|---|---|---|
| FVC | 5.43 | 4.18 | 77 | 4.18 | 1.06 | 4.04 | 4.133 |
| FEV1 | 4.36 | 3.28 | 75 | 3.28 | 3.72 | 3.27 | 3.277 |
| FEV1/FVC | 80 | 78 | | 78 | 75 | 81 | 793 |
| FEF25-75% | 4.27 | 3.19 | 75 | 3.19 | 3.03 | 3.43 | 3.091 |
| PEF | | 7.94 | | 6.96 | 5.07 | 7.38 | 7.841 |

Trial 4 — Volume vs Time; Trial 4 — Flow vs Volume

NOV. 12. 2003. 9:12AM.    CAT INC. LEGAL DEPT. M.D.         3052551067    NO. 3598   P. 42

**MEZEY & KRAINSON, M.D., P.A**
Robert Mezay, MD James Krainson ,MD
Fabriccio Latellar,MD C. Meltin, MD

Date: 10/23/03                Pre

Flow Volume Loop — MILLER, DONALD - 3-7-61/CPFT/LIP/TOMM

| | Ref | Best | % Ref | 1 | 2 | 3 | 4 |
|---|---|---|---|---|---|---|---|
| FVC | 5.43 | 4.18 | 77 | 4.18 | | 4.04 | 4.13 |
| | | | | | | | |
| FEV1 | 4.36 | 3.26 | 75 | 3.26 | | 3.27 | 3.27 |
| FEV1/FVC | 80 | 78 | | 78 | | 81 | 79 |
| FEV3/FVC | 95 | 91 | | 91 | | 95 | 92 |
| FET100% | | 12.88 | | 12.88 | | 8.11 | 10.68 |
| | | | | | | | |
| FEF25-75% | 4.27 | 3.19 | 75 | 3.18 | | 3.43 | 3.09 |
| FEF25% | | 6.64 | | 6.64 | | 7.24 | 7.76 |
| FEF50% | | 4.32 | | 4.32 | | 4.40 | 4.34 |
| FEF75% | | 0.97 | | 0.97 | | 1.23 | 0.99 |
| PEF | | 7.94 | | 6.96 | | 7.30 | 7.94 |
| | | | | | | | |
| FVL ECode | | 000008 | | 000 | | 008 | 000 |
| | | | | | | | |
| FIVC | 5.43 | 4.06 | 74 | 4.00 | | 3.38 | 3.92 |
| PIF | | 4.87 | | 4.07 | | 3.73 | 3.39 |
| FEF/FIF50 | | 1.11 | | 1.11 | | 1.24 | 1.33 |

NOV. 12 2003, 9 12AM    CAT. INC. LEGAL DEPT.          3052551065    NO 3598   P 43

**MEZEY & KRAINSON, M.D., P.A**
Robert Mezey, MD James Krainson ,MD
Fabricclo Letellier,MD C. Melkin, MD

Date: 10/23/03                    Pre

**MVV — MILLER, DONALD - 3-7-61/CPFT/LIP/TOM**

| | Ref | Best | % Rcl | 1 |
|---|---|---|---|---|
| MVV | | 102 | | 102 |
| | | 65 | | 65 |
| MVV 6 | | 93 | | 93 |



NOV. 12. 2003, 9:13AM    CAT INC. LEGAL DEPT   M.D.         MONESS/TUB7  NO. 3593   P. 44

**MEZEY & KRAINSON, M.D., P.A**
Robert Mezey, MD James Krainson ,MD
Fabriccio Latedler,MD C. Metin, MD

Date: 10/23/03                        Pre

Lung Volumes — MILLER, DONALD - 3-7-61/CPFT/LIP/TOM

| | Ref | Best | % Ref | 1 |
|---|---|---|---|---|
| TLC | 7.35 | 6.08 | 83 | 6.88 |
| VC | 5.43 | 4.18 | 77 | 3.62 |
| FRC DW | 3.73 | 3.04 | 82 | 3.04 |
| IC | | 3.04 | | 3.04 |
| RV | 1.98 | 1.90 | 96 | 2.47 |



NOV. 12 2003, 9:13AM    CAT INC. LEGAL DEPT. M.H.    JUS2S51Ub7  NO. 3598  P. 45. 12

**MEZEY & KRAINSON, M.D., P.A**
Robert Mezey, MD James Krainson ,MD
Fabriccio Letellier,MD C. Meklin, MD

Date: 10/23/03                    Pre

Lung Volumes — MILLER, DONALD - 3-7-61/CPFT/LIP/TOM

|         | Ref   | Best   | % Ref | 1     |
|---------|-------|--------|-------|-------|
| TLC     | 7.35  | 6.08   | 83    | 6.08  |
| VC      | 5.43  | 4.18   | 77    | 3.62  |
| FRC DIl | 3.73  | 3.04   | 82    | 3.04  |
| IC      |       | 3.04   |       | 3.04  |
| ERV     |       | 0.57   |       | 0.57  |
| RV      | 1.98  | 1.90   | 96    | 2.47  |
| RV/TLC  | 27    | 31     |       | 41    |
|         |       |        |       |       |
| LCI     |       | 11.69  |       | 11.69 |
| Wash Time |     | 1.9    |       | 1.9   |
|         |       |        |       |       |
| LVol ECode |    | 000000 |       | 00    |
|         |       |        |       |       |
| VE      | 7.3   | 19.3   | 263   | 19.3  |
| Vt      |       | 1.36   |       | 1.36  |
| f       |       | 14     |       | 14    |
|         |       |        |       |       |
| LVol Time |     | 10:51  |       | 10:51 |
| LVol Date |     | 10/23  |       | 10/23 |

**MEZEY & KRAINSON, M.D., P.A**
Robert Mezey, MD James Krainson ,MD
Fabriccio Latellier,MD C. Maltin, MD

Date: 10/23/03                    Pre

**Single Breath DLCO — MILLER, DONALD - 3-7-61/CPFT/LIP/TCOM**



| | Ref | Best | % Ref | 1 | | | | 5 |
|---|---|---|---|---|---|---|---|---|
| DLCO | 40.6 | 16.5 | 41 | 17.8 | | | | 16.1 |
| DL Adj | 40.6 | 16.5 | 41 | 17.0 | | | | 16.1 |
| IVC | | 3.88 | | 3.95 | | | | 3.80 |
| VA | | 4.93 | | 5.00 | | | | 4.85 |

NOV. 12 2003  9:13AM    CAT INC. LEGAL DEPT             NO.3598   P 47

**MEZEY & KRAINSON, M.D., P.A**
Robert Mezey, MD James Krainson ,MD
Fabriccio Letailler,MD C. Meltin, MD

Date: 10/23/03                    Pre

**Single Breath DLCO --- MILLER, DONALO - 3-7-41/CPFT/LIP/TOOM**

|          | Ref   | Best  | % Ref | 1     |  |  |  | 5     |
|----------|-------|-------|-------|-------|--|--|--|-------|
| DLCO     | 40.6  | 16.5  | 41    | 17.0  |  |  |  | 16.1  |
| DL Adj   | 40.6  | 16.5  | 41    | 17.0  |  |  |  | 16.1  |
| DLCO/VA  | 5.66  | 3.36  | 59    | 3.39  |  |  |  | 3.32  |
| DL/VA Adj|       | 3.36  |       | 3.39  |  |  |  | 3.32  |
| IVC      |       | 3.89  |       | 3.95  |  |  |  | 3.89  |
| VA       |       | 4.93  |       | 5.00  |  |  |  | 4.85  |
| BHT      |       | 10.04 |       | 10.19 |  |  |  | 9.98  |
| FI CH4   |       | 0.300 |       | 0.300 |  |  |  | 00.300|
| FE CH4   |       | 0.219 |       | 0.220 |  |  |  | 00.218|
| FI CO    |       | 0.300 |       | 0.300 |  |  |  | 00.300|
| FE CO    |       | 0.135 |       | 0.134 |  |  |  | 00.135|
| DLCO ECode|      | 0000  |       | 000   |  |  |  | 000   |
| DLCO Date|       | 10/23 |       | 10/23 |  |  |  | 100/23|
| DLCO Time|       | 10:54 |       | 10:54 |  |  |  | 111:02|

## PLAINTIFF, DONALD MILLER'S
## TREATING HEALTH CARE PROVIDERS

Dr. Anel Ovarado
Memorial Pembroke Hospital
Reason for Treatment: Hernia Repair, August 2003

Dr. Vacker
Plantation, Florida
Reason for Treatment:

NOV. 12. 2003  9:14AM   CAT INC. LEGAL DEPT.   NO. 3598   P. 49

| Form **4506**<br>(Rev. November 1989)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Copy of Tax Form**<br>▶ Please read instructions before completing this form.<br>▶ Please type or print clearly. | OMB No. 1545-0429<br>Expires 11-30-92 |
|---|---|---|

**Note: Do not complete this form to get tax account information. See instructions.**

| 1  Name of taxpayer(s) as shown on tax form (husband's and wife's, if a joint return) | 6a  Social security number as shown on tax form (if joint return, show husband's number) |
|---|---|
| 2  Current name and address | 6b  Wife's social security number as shown on tax form |
|  | 7  Employer identification number as shown on tax form |
| 3a  If copy of form is to be mailed to someone else, show the third party's name and address.<br>(See instructions.) | 8  Tax form number (Form 1040, 1040A, 941, etc.) |
|  | 9  Tax period(s) (year or period ended date) (no more than 4 per request) See instructions. |
| 3b  If we cannot find a record of your tax form, check here if you want the payment refunded to the third party. ☐ | 10  Amount due for copy of tax form:<br>a  Cost for each period . . . . $14.00 |
| 4  If name in third party's records differs from line 1 above, show name here.<br>(See instructions.) | b  Number of tax periods requested on line 9 |
|  | c  Total cost (multiply line 10a by line 10b) $<br>Make check or money order payable to Internal Revenue Service |

5  Check the box to show what you want:
☐ Copy of tax form and all attachments (including Form(s) W-2, schedules, or other forms). The charge is $4.25 for each period requested.
Note: If you need these copies for court or administrative proceedings, also check here. ☐
☐ Copy of Form(s) W-2 only. There is no charge for this. See instructions for when Form W-2 is available.

| Please<br>Sign<br>Here | ▶ X _Donald A. Miller_<br>Signature (See instructions. If other than taxpayer, attach authorization document.) | _1-7-28-2003_<br>Date | Telephone number of requester<br>( ) |
|---|---|---|---|
|  |  |  | Convenient time for us to call |
|  | Title (if line 1 above is a corporation, partnership, estate, or trust) |  |  |

**Important: Full payment must accompany your request.**

## Instructions

**Privacy Act and Paperwork Reduction Act Notice.**—We ask for this information to carry out the Internal Revenue laws of the United States. We need the information to gain access to your tax form in our files and properly respond to your request. If you do not furnish the information, we may not be able to fill your request.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is:

Recordkeeping . . . . . . 13 minutes
Learning about the law or the form . . . . . . 7 minutes
Preparing the form . . . . . . 21 minutes
Copying, assembling, and sending the form to IRS . . . . . . 17 minutes

If you have comments concerning the accuracy of these time estimates or suggestions for making this form more simple, we would be happy to hear from you. You can write to the Internal Revenue Service, Washington, DC 20224, Attention: IRS Reports Clearance Officer, T:FP; or the Office of Management and Budget, Paperwork Reduction Project (1545-0429), Washington, DC 20503.

**Purpose of Form.**—Use Form 4506 to get a copy of a tax form or Form W-2 only.

Do not use this form to request Forms 1099. Copies of Forms 1099 are not available from IRS. If you need a copy of Form 1099, contact the payer.

Do not use this form to request tax account information.

Note: If you had your tax form filled out by a paid preparer, check first to see if you can get a copy from the preparer. This may save you both time and money.

Please allow at least 45 days for delivery. Be sure to furnish all the information asked for on this form to avoid any delay in our sending your requested copies. (You must allow 6 weeks processing time after a tax form is filed before requesting a copy.)

Tax Account Information Only.—A listing of certain tax account information is available free of charge if you write or visit an IRS office or call the IRS toll-free number listed in your telephone directory.

Generally, tax account information is needed when students applying for financial aid are required to give the college a copy of their tax form. The school may, however, accept tax account information provided by the IRS instead. If so, the following information will be sent upon request:

(a) Name and social security number.
(b) Type of return filed.
(c) Filing status.
(d) Tax shown on return.
(e) Adjusted gross income.
(f) Taxable income.
(g) Self-employment tax, and
(h) Number of exemptions.

(Continued on back)
4506 (Rev. 11-89)

NOV. 12 2003  9:15AM    CAT INC. LEGAL DEPT.              NO. 3598   P. 50

OMB Number 2900-0260
Estimated burden: 2 minutes
Expiration Date: 10/31/2003

| VA Department of Veterans Affairs | REQUEST FOR AND AUTHORIZATION TO RELEASE MEDICAL RECORDS OR HEALTH INFORMATION |
|---|---|

The Paperwork Reduction Act of 1995 requires us to notify you that this information collection is in accordance with the clearance requirements of section 3507 of the Act. We may not conduct or sponsor, and you are not required to respond to, a collection of information unless it displays a valid OMB number. We expect that the time expended by all individuals completing this form will average 2 minutes. This includes the time to read instructions, gather the necessary facts and fill out the form. The purpose of this form is to specifically outline the circumstances under which we may disclose data.

The execution of this form does not authorize the release of information other than that specifically described below. The information requested on this form is solicited under Title 38, U.S.C. The form's authorized release of information in accordance with the Health Insurance Portability and Accountability Act, 45 CFR Parts 160 and 164, 3 U.S.C. 552a, and 38 U.S.C. 5701 and 7332 that you specify. Your disclosure of the information requested on this form is voluntary. However, if the information including Social Security Number (SSN) (the SSN will be used to locate records for release) is not furnished completely and accurately, Department of Veterans Affairs will be unable to comply with the request. The Veterans Health Administration may not condition treatment, payment, enrollment or eligibility on signing the authorization.

ENTER BELOW THE PATIENT'S NAME AND SOCIAL SECURITY NUMBER IF THE PATIENT DATA CARD IMPRINT IS NOT USED.

| TO: DEPARTMENT OF VETERANS AFFAIRS *(Print or type name and address of health care facility)* | PATIENT NAME *(Last, First, Middle Initial)* |
|---|---|
| | SOCIAL SECURITY NUMBER |

NAME AND ADDRESS OF ORGANIZATION, INDIVIDUAL OR TITLE OF INDIVIDUAL TO WHOM INFORMATION IS TO BE RELEASED

VETERAN'S REQUEST: I request and authorize Department of Veterans Affairs to release the information specified below to the organization, or individual named on this request. I understand that the information to be released includes information regarding the following condition(s):

☐ DRUG ABUSE    ☐ ALCOHOLISM OR ALCOHOL ABUSE    ☐ TESTING FOR OR INFECTION WITH HUMAN IMMUNODEFICIENCY VIRUS (HIV)    ☐ SICKLE CELL ANEMIA

INFORMATION REQUESTED (Check applicable box(es) and state the extent or nature of the information to be disclosed, giving the dates or approximate dates covered by each)

☐ COPY OF HOSPITAL SUMMARY    ☐ COPY OF OUTPATIENT TREATMENT NOTE(S)    ☐ OTHER *(Specify)*

PURPOSE(S) OR NEED FOR WHICH THE INFORMATION IS TO BE USED BY INDIVIDUAL TO WHOM INFORMATION IS TO BE RELEASED

NOTE: ADDITIONAL ITEMS OF INFORMATION DESIRED MAY BE LISTED ON THE BACK OF THIS FORM

AUTHORIZATION: I certify that this request has been made freely, voluntarily and without coercion and that the information given above is accurate and complete to the best of my knowledge. I understand that I will receive a copy of this form after I sign it. I may revoke this authorization, in writing, at any time except to the extent that action has already been taken to comply with it. Written revocation is effective upon receipt by the Release of Information Unit at the facility housing the records. Redisclosure of my medical records by those receiving the above authorized information may be accomplished without my further written authorization and may no longer be protected. Without my express revocation, the authorization will automatically expire: (1) upon satisfaction of the need for disclosure; (2) on _____ (date supplied by patient); or (3) under the following conditions(s):

I understand that the VA health care practitioner's opinions and statements are not official VA decisions regarding whether I will receive other VA benefits or, if I receive VA benefits, their amount. They may, however, be considered with other evidence when these decisions are made at a VA Regional Office that specializes in benefit decisions.

| DATE | SIGNATURE OF PATIENT OR PERSON AUTHORIZED TO SIGN FOR PATIENT *(Attach authority to sign, e.g., POA)* |
|---|---|
| | *[signature]* |

FOR VA USE ONLY

| IMPRINT PATIENT DATA CARD *(Name, Address, Social Security Number)* | TYPE AND EXTENT OF MATERIAL |
|---|---|
| | |
| | DATE          RELEASED BY |

VA FORM
MAR 2003    10-5345    THIS SUPERSEDES VA FORM 10-5345, DATED JUN 2001, WHICH WILL NOT BE USED.

CIVIL COVER SHEET

This Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075.

**I. CASE STYLE**

DONALD MILLER
and ANNINA MILLER, his wife,

      Plaintiffs,
vs.

AMERICAN HONDA MOTOR COMPANY, INC.,
a foreign Corporation,
BORG WARNER CORPORATION,
an Illinois Corporation,
BRIGGS STRATTON CORP.,
a foreign Corporation,
CATERPILLAR, INC.,
a Delaware Corporation,
CONSUMER AUTOMOTIVE PARTS, INC.,
a Florida Corporation,
CUMMINS, INC.,
a foreign Corporation,
DANA CORPORATION,
a Virginia Corporation,
DANAHER CORPORATION, Individually,
and through its subsidiaries DH HOLDING
and HENNESSY INDUSTRIES, a Delaware Corporation,
DEERE & COMPANY,
a foreign Corporation,
DETROIT DIESEL CORPORATION,
a foreign Corporation,
FORD MOTOR COMPANY,
a Delaware Corporation,
GENERAL MOTORS CORPORATION,
a Delaware Corporation,
GOODYEAR TIRE and RUBBER COMPANY,
a foreign Corporation,
HONEYWELL INTERNATIONAL, INC.,
f/k/a ALLIED SIGNAL, as successor in interest to ALLIED CORPORATION,
as successor in interest to THE BENDIX CORPORATION,
a Delaware Corporation,
KELSEY HAYES,
a Delaware Corporation,
KOHLER, INC.,
a foreign Corporation,
NAVISTAR INT'L TRANSPORTATION CORP.,
f/k/a INTERNATIONAL HARVESTER,
a Delaware Corporation,
NISSAN NORTH AMERICA, INC.,
a foreign Corporation,

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

030129309

**27**

PACCAR. INC., Individually, and through its divisions
KENWORTH TRUCKS and PETERBILT MOTORS.
a Delaware Corporation.
SUBARU OF AMERICA, INC.,
a foreign Corporation.
TOYOTA MOTOR NORTH AMERICA, INC..
a foreign Corporation. and
VOLKSWAGEN OF AMERICA , INC.,
a New Jersey Corporation.

      Defendants.

_____/

## II. TYPE OF CASE

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| _Simplified Dissolution | _Professional | _Contracts |
| _Dissolution | X Products Liability | _Condominiums |
| _Support - IV-D | _Auto Negligence | _Real Property/ |
| _Support - Non IV-D | _Other Negligence |    Mortgage Foreclosure |
| _URESA - IV-D | _Eminent Domain | |
| _Domestic Violence | _Other | |
| _Other Domestic Relations | | |

## III. IS JURY TRIAL DEMANDED IN COMPLAINT?

   X Yes

   __No

Respectfully submitted,

DAVID M. LIPMAN, P.A.
Attorney for Plaintiffs
5901 S.W. 74ᵗʰ Street, Suite 304
Miami, Florida 33143-5186
Telephone: (305) 662-2600

ANANIA, BANDKLAYDER, BLACKWELL,
BAUMGARTEN, TORRICELLA & STEIN,
Attorneys for Plaintiffs
Bank of America Tower, Suite 4300
100 S.E. Second Street
Miami, Florida 33131-2144
Telephone: (305) 373-4900
Facsimile: (305) 373-6914

By: _____
     MICHAEL T. TOMLIN
     Florida Bar No. 829854

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**DONALD MILLER and**                                      CASE NO.:
**ANNINA MILLER,**

      Plaintiffs,

**v.**

**AMERICAN HONDA MOTOR**
**CORPORATION, et al.,**

      Defendants.

_____/

## <u>AFFIDAVIT OF LAWRENCE P. MUNN</u>

**COUNTY OF BROWARD  )**
                    ) SS
**STATE OF FLORIDA       )**

      Personally appeared before me, the undersigned authority, a notary public in and for said County and said State, appeared Lawrence P. Munn, who is known to me or who produced identification, is over the age of eighteen (18) years, is of sound mind, and who, being first dully sworn, does depose and state:

1.     My name is Lawrence P. Munn.  I have personal knowledge of the truth of the matters stated herein.

2.     I am Vice-President, Secretary, and Treasurer of Consumer Automotive Parts, Inc. located at 15826 State Road 84, Fort Lauderdale, Florida 33326, which is a named defendant in the above-captioned lawsuit.

3.     Consumer Automotive Parts, Inc. was first incorporated in the State of Florida on January 29, 1997.  I have been Vice-President, Secretary, and



**EXHIBIT "_B_"**

Treasurer of Consumer Automotive Parts, Inc. from the date of inception up through the present.

4.     Consumer Automotive Parts, Inc. is a retail establishment specializing in the sale of automotive parts and accessories.

5.     From its inception through the present time, Consumer Automotive Parts, Inc. has only stocked and sold those certain brands of automotive parts that are known not to contain asbestos.   The decision to sell only automotive parts that do not contain asbestos was a conscious choice based on market and safety concerns.   At no time whatsoever has Consumer Automotive Parts, Inc. sold automotive parts containing asbestos.

FURTHER AFFIANT SAYETH NAUGHT.


_____
LAWRENCE P. MUNN

BEFORE   ME,   the   undersigned   authority   personally   appeared LAWRENCE P. MUNN, who is personally known to me and/or produced _____ as identification, and who after first being dully sworn under oath states that the above is true and correct to the best of his knowledge and belief.

DATED this ____ day of _____, 2003.



_____
Notary Public, State of Florida

Harry Bindschadler
MY COMMISSION # DD097568 EXPIRES
April 9, 2006
(seal) BONDED THRU TROY FAIN INSURANCE, INC.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION

CASE NO.:

DONALD MILLER and
ANNINA MILLER,

          Plaintiffs,

v.

AMERICAN HONDA MOTOR COMPANY,
INC., a foreign corporation; BORG WARNER
CORPORATION, an Illinois corporation; BRIGGS
STRATTON CORP., a foreign corporation;
CATERPILLAR, INC., a Delaware corporation;
CONSUMER AUTOMOTIVE PARTS, INC., a
Florida corporation, CUMMINS, INC., a foreign
corporation, DANA CORPORATION, a Virginia
corporation; DANAHER CORPORATION,
individually, and through its subsidiaries DH
HOLDING and HENNESSY INDUSTRIES, a
Delaware corporation; DEERE & CO., INC., a
Delaware corporation; DETROIT DIESEL
CORPORATION, a foreign corporation; FORD
MOTOR COMPANY, a Delaware corporation,
GENERAL MOTORS CORPORATION, a
Delaware corporation, GOODYEAR TIRE and
RUBBER COMPANY, a foreign corporation;
HONEYWELL INTERNATIONAL, INC.,
f/k/a ALLIED SIGNAL, as successor in interest
to ALLIED CORPORATION, as successor in
interest to THE BENDIX CORPORATION, a
Delaware corporation; KELSEY-HAYES, a
Delaware corporation, KOHLER, INC., a foreign
Corporation, NAVISTER INT'L TRANSPOR-
TATION CORP., f/k/a INTERNATIONAL
HARVESTER, a Delaware corporation, NISSAN
NORTH AMERICA, INC., a foreign corporation
PACCAR, INC., Individually, and through its
divisions, KENWORTH TRUCKS and
PETERBILT MOTOS, a Delaware corporation,
SUBARU OF AMERICA, INC, a foreign
corporation, TOYOTA MOTOR NORTH

Broward Circuit Case No.:
CACE 03-019359 27



EXHIBIT " C "

AMERICA, INC., a foreign corporation, and
VOLKSWAGEN OF AMERICA, INC., a
New Jersey corporation,

              Defendants.

_____/

## DEFENDANT, AMERICAN HONDA MOTOR COMPANY, INC.'S
## NOTICE OF CONSENT TO AND JOINDER IN
## NOTICE OF REMOVAL OF CIVIL ACTION

The Defendant, American Honda Motor Company, Inc., by and through its undersigned

counsel, hereby consents to and joins in the removal of the above-styled cause, Case No.: CACE

03 019359 27, Asbestos Litigation, from the Circuit Court, Seventeenth Judicial Circuit, in and

for Broward County, Florida, to the United States District Court for the Southern District of

Florida, Ft. Lauderdale Division.  This consent to removal is timely filed and without waiver

pursuant to 28 U.S.C. §§ 1441; 1446.

Dated this _26th_ day of November, 2003.

                              _____

                              ROBERT J. HANRECK
                              Florida Bar No. 0303940
                              RUMBERGER, KIRK & CALDWELL
                              Brickell Bayview Centre, Suite 3000
                              80 S.W. 8th Street (33130-3047)
                              Post Office Box 01-9041
                              Miami, Florida 33101
                              Telephone:  (305) 358-5577
                              Telecopier:  (305) 371-7580

                              Attorneys for AMERICAN HONDA MOTOR
                              COMPANY, INC.

# 328720

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**DONALD MILLER and**
**ANNINA MILLER,**

CASE NO.:

Plaintiffs,

**v.**

**AMERICAN HONDA MOTOR**
**CORPORATION, et al.,**

Defendants.

_____/

### DEFENDANT, BURNS INTERNATIONAL SERVICES CORPORATION f/k/a BORG-WARNER CORPORATION'S CONSENT TO REMOVAL

The undersigned defendant, **BURNS INTERNATIONAL SERVICES CORPORATION f/k/a BORG-WARNER CORPORATION**, hereby consents to the removal of the action styled *DONALD MILLER and ANNINA MILLER v. AMERICAN HONDA MOTOR COMPANY, INC., a foreign corporation; BORG WARNER CORPORATION, an Illinois corporation; BRIGGS STRATTON CORP., a foreign corporation; CATERPILLAR, INC., a Delaware corporation; CONSUMER AUTOMOTIVE PARTS, INC., a Florida corporation; CUMMINS, INC., a foreign corporation; DANA CORPORATION, a Virginia corporation; DANAHER CROPORATION, Individually, and through its subsidiaries DH HOLDING and HENNESSY INDUSTRIES, a Delaware corporation; DEERE & CO., INC., a Delaware corporation; DETROIT DIESEL CORPORATION, a foreign corporation; FORD MOTOR COMPANY, a Delaware corporation; GENERAL MOTORS CORPORATION, a Delaware corporation; GOODYEAR TIRE and RUBBER COMPANY, a foreign corporation; HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, as successor in interest to ALLIED CORPORATION, as*

*foreign corporation; NAVISTAR INT'L TRANSPORTATION CORP., f/k/a INTERNATIONAL HARVESTER, a Delaware corporation; NISSAN NORTH AMERICA, INC., a foreign corporation; PACCAR, INC., Individually, and through its divisions KENWORTH TRUCKS and PETERBILT MOTORS, a Delaware corporation; SUBARU OF AMERICA, INC., a foreign corporation; TOYOTA MOTOR NORTH AMERICA, INC., a foreign corporation; and VOLKSWAGEN OF AMERICA, INC., a New Jersey corporation*, bearing Civil Action No. 03-019359 CACE 27, in the Circuit Court of the Seventeenth Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, and further states as follows:

1.  This consent to removal is being filed within thirty (30) days of the date it was first ascertained that this action is removable.

2.  In consenting to removal, the undersigned defendant does not intend to waive any rights or defenses to which it is otherwise entitled, including, but not limited to, those items set forth in Federal Rule of Civil Procedure 12(b).

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this ⟨st⟩ day of December, 2003, to all counsel of record.

FOLEY & MANSFIELD, P.L.L.P.
4770 Biscayne Boulevard, Suite 1030
Miami, Florida 33137
Telephone: (305) 438-9899
Facsimile: (305) 438-9819

By: ⟨signature⟩
VIRGINIA EASLEY JOHNSON, P.A.
Florida Bar Number 559156
JANA MARIE FRIED, ESQ.
Florida Bar Number 0060267

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Broward County Circuit Court Case No. 03019359 CACE 27

DONALD MILLER and ANNINA MILLER, his wife,

Plaintiffs,

vs.

AMERICAN HONDA MOTOR COMPANY, INC., a foreign corporation; BORG WARNER CORPORATION, an Illinois corporation; BRIGGS STRATTON CORP., a foreign corporation; CATERPILLAR, INC., a Delaware corporation; CONSUMER AUTOMOTIVE PARTS, INC., a Florida corporation; CUMMINS, INC., a foreign corporation, DANA CORPORATION, a Virginia corporation; DANAHER CORPORATION, individually, and through its subsidiaries DH HOLD-ING and HENNESSY INDUSTRIES, a Delaware corporation; DEERE & COMPANY, a foreign corporation; DETROIT DIESEL CORPORATION, a foreign corporation; FORD MOTOR COMPANY, a Delaware corporation; GENERAL MOTORS CORPORATION, a Delaware corporation; GOODYEAR TIRE and RUBBER COMPANY, a foreign corporation; HONEYWELL INTERNA-TIONAL, INC., f/k/a ALLIED SIGNAL, as succes-sor in interest to ALLIED CORPORATION, as suc-cessor in interest to THE BENDIX CORPORA-TION, a Delaware corporation; KELSEY HAYES, a Delaware corporation; KOEHLER, INC., a for-eign corporation; NAVISTAR INT'L TRANSPOR-TATION CORP., f/k/a INTERNATIONAL HARVESTER, a Delaware corporation; NISSAN NORTH AMERICA, INC., a foreign corporation; PACCAR, INC., individually, and through its divi-sions KENWORTH TRUCKS and PETERBILT MOTORS, a Delaware corporation; SUBARU OF AMERICA, INC., a foreign corporation; TOYOTA MOTOR NORTH AMERICA, INC., a foreign cor-poration, and VOLKSWAGEN OF AMERICA, INC., a New Jersey corporation,

Defendants.
_____/

## DEFENDANT, BRIGGS & STRATTON CORPORATION'S, NOTICE OF CONSENT TO AND JOINDER IN NOTICE OF REMOVAL OF CIVIL ACTION

Defendant, Briggs & Stratton Corporation, without waiver of any of its defenses in this cause, respectfully gives notice of its consent to and joinder in the removal of the above state-styled matter, Case No. 03019359 CACE 27, Asbestos Litigation, from the Circuit Court, Seventeenth Judicial Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.  This Notice of Consent to and Joinder in Notice of Removal is being timely filed, pursuant to 28 U.S.C. §§ 1441, 1446.

Dated this 14th day of November 2003.

MYRON SHAPIRO
Fla. Bar No. 399205
KENN W. GOFF
Fla. Bar No. 549460
**HERZFELD & RUBIN**
Attorneys for Briggs & Stratton
Corporation
80 S.W. 8TH Street, Suite 1920
Miami, Florida 33130
Telephone:    (305) 381-7999
Facsimile:     (305) 381-8203
E-Mail:         herzfeld@hr-miami.com

G:\Client\Briggs\1156 Miller\Pldgs\NoticeofJoinder&Consent.doc

-2-

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION

DONALD MILLER and
ANNINA MILLER,

               Plaintiffs,

v.

AMERICAN HONDA MOTOR COMPANY,
INC., a foreign corporation; BORG WARNER
CORPORATION, an Illinois corporation; BRIGGS
STRATTON CORP., a foreign corporation;
CATERPILLAR, INC., a Delaware corporation;
CONSUMER AUTOMOTIVE PARTS, INC., a
Florida corporation, CUMMINS, INC., a foreign
corporation, DANA CORPORATION, a Virginia
corporation; DANAHER CORPORATION,
individually, and through its subsidiaries DH
HOLDING and HENNESSY INDUSTRIES, a
Delaware corporation; DEERE & CO., INC., a
Delaware corporation; DETROIT DIESEL
CORPORATION, a foreign corporation; FORD
MOTOR COMPANY, a Delaware corporation,
GENERAL MOTORS CORPORATION, a
Delaware corporation, GOODYEAR TIRE and
RUBBER COMPANY, a foreign corporation;
HONEYWELL INTERNATIONAL, INC.,
f/k/a ALLIED SIGNAL, as successor in interest
to ALLIED CORPORATION, as successor in
interest to THE BENDIX CORPORATION, a
Delaware corporation; KELSEY-HAYES, a
Delaware corporation, KOHLER, INC., a foreign
Corporation, NAVISTER INT'L TRANSPOR-
TATION CORP., f/k/a INTERNATIONAL
HARVESTER, a Delaware corporation, NISSAN
NORTH AMERICA, INC., a foreign corporation
PACCAR, INC., Individually, and through its
divisions, KENWORTH TRUCKS and
PETERBILT MOTOS, a Delaware corporation,
SUBARU OF AMERICA, INC, a foreign
corporation, TOYOTA MOTOR NORTH
AMERICA, INC., a foreign corporation, and
VOLKSWAGEN OF AMERICA, INC., a

Broward Circuit Case
No. 03-019359 27

New Jersey corporation,

                Defendants.

_____/

## DEFENDANT, CUMMINS, INC.'S NOTICE OF CONSENT TO AND JOINDER IN NOTICE OF REMOVAL OF CIVIL ACTION

      The Defendant, Cummins, Inc., by and through its undersigned counsel, hereby consents

to and joins in the removal of the above-styled cause, Case No.: CACE 03 019359 27, Asbestos

Litigation, from the Circuit Court, Seventeenth Judicial Circuit, in and for Broward County,

Florida, to the United States District Court for the Southern District of Florida, Ft. Lauderdale

Division.  This consent to removal is timely filed and without waiver pursuant to 28 U.S.C. §§

1441; 1446.

      Dated this 26th day of November 2003.

                                  ROBERT J. HANRECK
                                  Florida Bar No. 0303940
                                  RUMBERGER, KIRK & CALDWELL
                                  Brickell Bayview Centre, Suite 3000
                                  80 S.W. 8th Street (33130-3047)
                                  Post Office Box 01-9041
                                  Miami, Florida 33101
                                  Telephone:  (305) 358-5577
                                  Telecopier:  (305) 371-7580

# 328822                            Attorneys for CUMMINS, INC.

<div align="center">

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

</div>

**DONALD MILLER and**  CASE NO.:
**ANNINA MILLER,**

      Plaintiffs,

**v.**

**AMERICAN HONDA MOTOR**
**CORPORATION, et al.,**

      Defendants.

_____/

<div align="center">

### DEFENDANT, DANA CORPORATION'S CONSENT TO AND JOINDER IN DEFENDANT, CATERPILLAR INCORPORATED'S, REMOVAL

</div>

The undersigned Defendant, Dana Corporation, hereby consents to and joins in Defendant, Caterpillar Incorporated's, Removal of the action styled *DONALD MILLER and ANNINA MILLER v. AMERICAN HONDA MOTOR COMPANY, INC., a foreign corporation; BORG WARNER CORPORATION, an Illinois corporation; BRIGGS STRATTON CORP., a foreign corporation; CATERPILLAR, INC., a Delaware corporation; CONSUMER AUTOMOTIVE PARTS, INC., a Florida corporation; CUMMINS, INC., a foreign corporation; DANA CORPORATION, a Virginia corporation; DANAHER CROPORATION, Individually, and through its subsidiaries DH HOLDING and HENNESSY INDUSTRIES, a Delaware corporation; DEERE & CO., INC., a Delaware corporation; DETROIT DIESEL CORPORATION, a foreign corporation; FORD MOTOR COMPANY, a Delaware corporation; GENERAL MOTORS CORPORATION, a Delaware corporation; GOODYEAR TIRE and RUBBER COMPANY, a foreign corporation; HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, as successor in interest to ALLIED CORPORATION, as successor in interest to THE BENDIX CORPORATION, a Delaware corporation; KELSEY-*

*HAYES, a Delaware corporation;; KOHLER, INC., a foreign corporation; NAVISTAR INT'L TRANSPORTATION CORP., f/k/a INTERNATIONAL HARVESTER, a Delaware corporation; NISSAN NORTH AMERICA, INC., a foreign corporation; PACCAR, INC., Individually, and through its divisions KENWORTH TRUCKS and PETERBILT MOTORS, a Delaware corporation; SUBARU OF AMERICA, INC., a foreign corporation; TOYOTA MOTOR NORTH AMERICA, INC., a foreign corporation; and VOLKSWAGEN OF AMERICA, INC., a New Jersey corporation,* bearing Civil Action No. 03-019359 CACE 27, in the Circuit Court of the Seventeenth Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, and further states as follows:

1.    This consent to and joinder in removal is being filed within thirty (30) days of the date it was first ascertained that this action is removable.

2.    In consenting to and joining in this removal, the undersigned defendant does not intend to waive any rights or defenses to which it is otherwise entitled, including, but not limited to, those items set forth in Federal Rule of Civil Procedure 12(b).

Dated:  November 24, 2003.

Respectfully submitted,

**HAWKINS & PARNELL LLP**

By:

Evelyn M. Fletcher
Florida Bar No.: 162744
P. Jeffery Stubbs, Esq.
Florida Bar No.:527254
303 Peachtree Street N.E.
40th Floor

Atlanta, GA 30308-3243
Telephone:  404-614-7400
Fax:  404-614-7500
E-Mail: jstubbs@hplegal.com

***Counsel for Dana Corporation***

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

DONALD MILLER and
ANNINA MILLER,

        Plaintiffs,

v.

AMERICAN HONDA MOTOR
CORPORATION, et al.,

        Defendants.

_____/

**DEFENDANT, DETROIT DIESEL CORPORATION'S**
**CONSENT TO REMOVAL**

Defendant, DETROIT DIESEL CORPORATION, by and through its undersigned counsel, hereby consents to the removal of the action styled *DONALD MILLER and ANNINA MILLER v. AMERICAN HONDA MOTOR COMPANY, INC., a foreign corporation; BORG WARNER CORPORATION, an Illinois corporation; BRIGGS STRATTON CORP., a foreign corporation; CATERPILLAR, INC., a Delaware corporation; CONSUMER AUTOMOTIVE PARTS, INC., a Florida corporation; CUMMINS, INC., a foreign corporation; DANA CORPORATION, a Virginia corporation; DANAHER CROPORATION, Individually, and through its subsidiaries DH HOLDING and HENNESSY INDUSTRIES, a Delaware corporation; DEERE & CO., INC., a Delaware corporation; DETROIT DIESEL CORPORATION, a foreign corporation; FORD MOTOR COMPANY, a Delaware corporation; GENERAL MOTORS*

*CORPORATION, a Delaware corporation; GOODYEAR TIRE and RUBBER COMPANY, a foreign corporation; HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, as successor in interest to ALLIED CORPORATION, as successor in interest to THE BENDIX CORPORATION, a Delaware corporation; KELSEY-HAYES, a Delaware corporation;; KOHLER, INC., a foreign corporation; NAVISTAR INT'L TRANSPORTATION CORP., f/k/a INTERNATIONAL HARVESTER, a Delaware corporation; NISSAN NORTH AMERICA, INC., a foreign corporation; PACCAR, INC., Individually, and through its divisions KENWORTH TRUCKS and PETERBILT MOTORS, a Delaware corporation; SUBARU OF AMERICA, INC., a foreign corporation; TOYOTA MOTOR NORTH AMERICA, INC., a foreign corporation; and VOLKSWAGEN OF AMERICA, INC., a New Jersey corporation*, bearing Civil Action No. 03-019359 CACE 27, in the Circuit Court of the Seventeenth Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, and further state as follows:

1.   This consent to removal is being filed within thirty (30) days of the date it was first ascertained that this action is removable.

2.   In consenting to removal, the undersigned Defendants do not intend to waive any rights or defenses to which it is otherwise entitled, including, but not limited to, those items set forth in Federal Rule of Civil Procedure 12(b).

Dated: December ___3___, 2003

CHRIS N. KOLOS, ESQUIRE
Florida Bar No. 438235
HOLLAND & KNIGHT LLP
200 South Orange Avenue, Ste. 2600
Post Office Box 1526 (32802-1526)
Orlando, FL 32801
Phone: (407) 244-1165
Fax: (407) 244-5288

Attorneys for Defendants, General Motors
Corporation, International Truck and
Engine Corporation and Detroit Diesel
Corporation

# 1408029 v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

DONALD MILLER and
ANNINA MILLER,

               Plaintiffs,

v.

AMERICAN HONDA MOTOR COMPANY,
INC., a foreign corporation; BORG WARNER
CORPORATION, an Illinois corporation; BRIGGS
STRATTON CORP., a foreign corporation;
CATERPILLAR, INC., a Delaware corporation;
CONSUMER AUTOMOTIVE PARTS, INC., a
Florida corporation, CUMMINS, INC., a foreign
corporation, DANA CORPORATION, a Virginia
corporation; DANAHER CORPORATION,
individually, and through its subsidiaries DH
HOLDING and HENNESSY INDUSTRIES, a
Deleware corporation; DEERE & CO., INC., a
Delaware corporation; DETROIT DIESEL
CORPORATION, a foreign corporation; FORD
MOTOR COMPANY, a Delaware corporation,
GENERAL MOTORS CORPORATION, a
Delaware corporation, GOODYEAR TIRE and
RUBBER COMPANY, a foreign corporation;
HONEYWELL INTERNATIONAL, INC.,
f/k/a ALLIED SIGNAL, as successor in interest
to ALLIED CORPORATION, as successor in
interest to THE BENDIX CORPORATION, a
Delaware corporation; KELSEY-HAYES, a
Delaware corporation, KOHLER, INC., a foreign
Corporation, NAVISTER INT'L TRANSPOR-
TATION CORP., f/k/a INTERNATIONAL
HARVESTER, a Delaware corporation, NISSAN
NORTH AMERICA, INC., a foreign corporation
PACCAR, INC., Individually, and through its
divisions, KENWORTH TRUCKS and
PETERBILT MOTOS, a Delaware corporation,
SUBARU OF AMERICA, INC, a foreign
corporation, TOYOTA MOTOR NORTH
AMERICA, INC., a foreign corporation, and

Broward Circuit Case
No. 03-019359 27

VOLKSWAGEN OF AMERICA, INC., a
New Jersey corporation,

        Defendants.

_____/

## DEFENDANT, HENNESSY INDUSTRIES, INC.'S
## NOTICE OF CONSENT TO AND JOINDER IN
## <u>NOTICE OF REMOVAL OF CIVIL ACTION</u>

      The Defendant, Hennessy Industries, Inc., improperly named as Danaher Corporation,

individually and through it's subsidiaries DH Holding and Hennessy Industries by and through

its undersigned counsel, hereby consents to and joins in the removal of the above-styled cause,

Case No.: CACE 03 019359 27, Asbestos Litigation, from the Circuit Court, Seventeenth

Judicial Circuit, in and for Broward County, Florida, to the United States District Court for the

Southern District of Florida, Ft. Lauderdale Division. This consent to removal is timely filed and

without waiver pursuant to 28 U.S.C. §§ 1441; 1446.

      Dated this $\underline{16}$ day of November, 2003.

                               _____

                               ROBERT J. HANRECK
                               Florida Bar No. 0303940
                               RUMBERGER, KIRK & CALDWELL
                               Brickell Bayview Centre, Suite 3000
                               80 S.W. 8th Street (33130-3047)
                               Post Office Box 01-9041
                               Miami, Florida 33101
                               Telephone:  (305) 358-5577
                               Telecopier:  (305) 371-7580

# 328821                      Attorneys for HENNESSY INDUSTRIES, INC.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**DONALD MILLER and**
**ANNINA MILLER,**

            Plaintiffs,

v.

**AMERICAN HONDA MOTOR**
**CORPORATION, et al.,**

            Defendants.

_____/

**CASE NO.:** _____
**Broward Circuit Court Case No.:**
**03019359-27**

### DEFENDANT, FORD MOTOR COMPANY'S
### CONSENT TO REMOVAL OF CIVIL ACTION

Defendant, Ford Motor Company hereby consents to and joins in the removal of the above-styled cause from the 17th Judicial Circuit in and for Broward County, Case Number CACE 03019359 to the United States District Court, Southern District of Florida, Ft. Lauderdale Division. This notice has been filed by Defendant within thirty (30) days of the date it was first ascertained this cause is removable. This consent to removal is timely filed and without waiver pursuant to U.S.C. §§ 1441; 1446. In consenting to removal, the undersigned defendant does not intend to waive any rights or defenses to which it is otherwise entitled, including, but not limited to, those items set forth in Federal Rule of Civil Procedure 12(b).

WHEREFORE, Defendant, Ford Motor Company respectfully requests this Court assume jurisdiction.

**DUANE MORRIS LLP**

By: _Hector Rivera_
        Hector R. Rivera
        Florida Bar No.: 0882453
        Carlos A. Zumpano
        Florida Bar No. 0184240
        200 S. Biscayne Blvd., Suite 3400
        Miami, FL 33131
        Telephone:  305-960-2200
        Fax:  305-960-2201
        E-Mail:  hhrivera@duanemorris.com
        **Attorneys for Defendant**
        **Ford Motor Company**

# DuaneMorris

DUANE MORRIS LLP
200 SOUTH BISCAYNE BOULEVARD, SUITE 3400
MIAMI, FL 33131-2397
PHONE: 305.960.2200
FAX: 305.960.2201

# FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **TO:** | Eric L. Lundt, Esq. |
| **FIRM/COMPANY:** | |
| **FACSIMILE NUMBER:** | 954.524.9481 |
| **CONFIRMATION TELEPHONE:** | 954.527.2800 |
| **FROM:** | Hector R. Rivera, Esq. |
| **DIRECT DIAL:** | 305.960.2225 |
| **DATE:** | November 26, 2003 |
| **USER NUMBER:** | |
| **FILE NUMBER:** | |
| **TOTAL # OF PAGES:** (INCLUDING COVERSHEET) | 3 |
| **MESSAGE:** | Please refer to the attached to the attached consent to removal for the Miller case.  The original will be sent via overnight for Monday delivery. |
| | Thank you. |

**NOTE:**  Original will not follow

<u>CONFIDENTIALITY NOTICE</u>

THIS FACSIMILE TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL AND IS INTENDED ONLY FOR THE REVIEW OF THE PARTY TO WHOM IT IS ADDRESSED.  IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY TELEPHONE THE SENDER ABOVE TO ARRANGE FOR ITS RETURN, AND IT SHALL NOT CONSTITUTE WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE.

**If there is a problem with this transmission, please call us as soon as possible at 305.960.2200.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

DONALD MILLER and
ANNINA MILLER,

Plaintiffs,

v.

AMERICAN HONDA MOTOR
CORPORATION, et al.,

Defendants.
_____/

### DEFENDANT GENERAL MOTORS CORPORATION AND DEFENDANT INTERNATIONAL TRUCK AND ENGINE CORPORATION'S CONSENT TO REMOVAL

The undersigned Defendants, GENERAL MOTORS CORPORATION AND INTERNATIONAL TRUCK AND ENGINE CORPORATION, hereby consent to the removal of the action styled *DONALD MILLER and ANNINA MILLER v. AMERICAN HONDA MOTOR COMPANY, INC., a foreign corporation; BORG WARNER CORPORATION, an Illinois corporation; BRIGGS STRATTON CORP., a foreign corporation; CATERPILLAR, INC., a Delaware corporation; CONSUMER AUTOMOTIVE PARTS, INC., a Florida corporation; CUMMINS, INC., a foreign corporation; DANA CORPORATION, a Virginia corporation; DANAHER CROPORATION, Individually, and through its subsidiaries DH HOLDING and HENNESSY INDUSTRIES, a Delaware corporation; DEERE & CO., INC., a Delaware corporation; DETROIT DIESEL CORPORATION, a foreign corporation;*

*FORD MOTOR COMPANY, a Delaware corporation; GENERAL MOTORS CORPORATION, a Delaware corporation; GOODYEAR TIRE and RUBBER COMPANY, a foreign corporation; HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, as successor in interest to ALLIED CORPORATION, as successor in interest to THE BENDIX CORPORATION, a Delaware corporation; KELSEY-HAYES, a Delaware corporation;; KOHLER, INC., a foreign corporation; NAVISTAR INT'L TRANSPORTATION CORP., f/k/a INTERNATIONAL HARVESTER, a Delaware corporation; NISSAN NORTH AMERICA, INC., a foreign corporation; PACCAR, INC., Individually, and through its divisions KENWORTH TRUCKS and PETERBILT MOTORS, a Delaware corporation; SUBARU OF AMERICA, INC., a foreign corporation; TOYOTA MOTOR NORTH AMERICA, INC., a foreign corporation; and VOLKSWAGEN OF AMERICA, INC., a New Jersey corporation*, bearing Civil Action No. 03-019359 CACE 27, in the Circuit Court of the Seventeenth Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, and further state as follows:

1.   This consent to removal is being filed within thirty (30) days of the date it was first ascertained that this action is removable.

2.   In consenting to removal, the undersigned Defendants do not intend to waive any rights or defenses to which it is otherwise entitled, including, but not limited to, those items set forth in Federal Rule of Civil Procedure 12(b).

CASE NO.: 03-19359 (27)

Dated: November 26, 2003

CHRIS N. KOLOS, ESQUIRE
Florida Bar No. 438235
HOLLAND & KNIGHT LLP
200 South Orange Avenue, Ste. 2600
Post Office Box 1526 (32802-1526)
Orlando, FL 32801
Phone: (407) 244-1165
Fax: (407) 244-5288

Attorneys for Defendants, General Motors
Corporation and International Truck and
Engine Corporation

g:\law\82002\089\Consent to Removal.doc

# 1389084_v1

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**DONALD MILLER and**
**ANNINA MILLER,**

CASE NO.:

      Plaintiffs,

**v.**

**AMERICAN HONDA MOTOR**
**CORPORATION, et al.,**

      Defendants.

_____/

## DEFENDANT'S CONSENT TO REMOVAL

The Defendant, Goodyear Tire and Rubber Company, by and through its undersigned counsel, hereby consents to and joins in the removal of the action styled *DONALD MILLER and ANNINA MILLER v. AMERICAN HONDA MOTOR COMPANY, INC., a foreign corporation; BORG WARNER CORPORATION, an Illinois corporation; BRIGGS STRATTON CORP., a foreign corporation; CATERPILLAR, INC., a Delaware corporation; CONSUMER AUTOMOTIVE PARTS, INC., a Florida corporation; CUMMINS, INC., a foreign corporation; DANA CORPORATION, a Virginia corporation; DANAHER CROPORATION, Individually, and through its subsidiaries DH HOLDING and HENNESSY INDUSTRIES, a Delaware corporation; DEERE & CO., INC., a Delaware corporation; DETROIT DIESEL CORPORATION, a foreign corporation; FORD MOTOR COMPANY, a Delaware corporation; GENERAL MOTORS CORPORATION, a Delaware corporation; GOODYEAR TIRE and RUBBER COMPANY, a foreign corporation; HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, as successor in interest to ALLIED CORPORATION, as successor in interest to THE BENDIX CORPORATION, a Delaware corporation; KELSEY-HAYES, a Delaware*

*corporation;; KOHLER, INC., a foreign corporation; NAVISTAR INT'L TRANSPORTATION CORP., f/k/a INTERNATIONAL HARVESTER, a Delaware corporation; NISSAN NORTH AMERICA, INC., a foreign corporation; PACCAR, INC., Individually, and through its divisions KENWORTH TRUCKS and PETERBILT MOTORS, a Delaware corporation; SUBARU OF AMERICA, INC., a foreign corporation; TOYOTA MOTOR NORTH AMERICA, INC., a foreign corporation; and VOLKSWAGEN OF AMERICA, INC., a New Jersey corporation*, bearing Civil Action No. 03-019359 CACE 27, in the Circuit Court of the Seventeenth Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, and further states as follows:

1.      This consent to removal is being filed within thirty (30) days of the date it was first ascertained that this action is removable.

2.      In consenting to removal, the undersigned defendant does not intend to waive any rights or defenses to which it is otherwise entitled, including, but not limited to, those items set forth in Federal Rule of Civil Procedure 12(b).

Dated: November 24, 2003.

2

Respectfully submitted,

Evert & Weathersby

By: _____
C. Michael Evert, Jr.
Florida Bar No. 0419249
Richard M. Lauth
Florida Bar No. 0461563
3405 Piedmont Road - Suite 225
Atlanta, Georgia 30305
(404) 233-8718
(404) 233-8933 – Fax
e-mail: CMEvert@eandwlaw.com
          RMLauth@eandwlaw.com
Attorneys for Goodyear Tire and Rubber Company

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**DONALD MILLER and**                CASE NO.:
**ANNINA MILLER,**

        Plaintiffs,

**v.**

**AMERICAN HONDA MOTOR**
**CORPORATION, et al.,**

        Defendants.

_____/

## HONEYWELL INTERNATIONAL, INC'S CONSENT TO REMOVAL

The undersigned defendant *HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, as successor in interest to ALLIED CORPORATION, as successor in interest to THE BENDIX CORPORATION, a Delaware corporation* hereby consents to the removal of the action styled *DONALD MILLER and ANNINA MILLER v. AMERICAN HONDA MOTOR COMPANY, INC., a foreign corporation; BORG WARNER CORPORATION, an Illinois corporation; BRIGGS STRATTON CORP., a foreign corporation; CATERPILLAR, INC., a Delaware corporation; CONSUMER AUTOMOTIVE PARTS, INC., a Florida corporation; CUMMINS, INC., a foreign corporation; DANA CORPORATION, a Virginia corporation; DANAHER CROPORATION, Individually, and through its subsidiaries DH HOLDING and HENNESSY INDUSTRIES, a Delaware corporation; DEERE & CO., INC., a Delaware corporation; DETROIT DIESEL CORPORATION, a foreign corporation; FORD MOTOR COMPANY, a Delaware corporation; GENERAL MOTORS CORPORATION, a Delaware corporation; GOODYEAR TIRE and RUBBER COMPANY, a foreign corporation; HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, as successor in interest to*

*ALLIED CORPORATION, as successor in interest to THE BENDIX CORPORATION, a Delaware corporation; KELSEY-HAYES, a Delaware corporation;; KOHLER. INC., a foreign corporation; NAVISTAR INT'L TRANSPORTATION CORP., f/k/a INTERNATIONAL HARVESTER, a Delaware corporation; NISSAN NORTH AMERICA, INC., a foreign corporation; PACCAR, INC., Individually, and through its divisions KENWORTH TRUCKS and PETERBILT MOTORS, a Delaware corporation; SUBARU OF AMERICA, INC., a foreign corporation; TOYOTA MOTOR NORTH AMERICA, INC., a foreign corporation; and VOLKSWAGEN OF AMERICA, INC., a New Jersey corporation*, bearing Civil Action No. 03-019359 CACE 27, in the Circuit Court of the Seventeenth Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, and further states as follows:

1.    This consent to removal is being filed within thirty (30) days of the date it was first ascertained that this action is removable.

2.    In consenting to removal, the undersigned defendant does not intend to waive any rights or defenses to which it is otherwise entitled, including, but not limited to, those items set forth in Federal Rule of Civil Procedure 12(b).

WHEREFORE, Defendant, Honeywell International, Inc., respectfully requests this Court assume jurisdiction.

Dated: November 21, 2003.

2

**RODD R. BUELL, P.A.**

By: _____

Rodd R. Buell, Esq.
Florida Bar No.: 131246
11883 Maidstone Drive
Wellington, FL 33414
Telephone:  561-795-5400
Fax:  561-795-5451
E-Mail:  buelllaw@aol.com

*Counsel for Honeywell International, Inc.*

g:\law\82002\089\Consent to Removal.doc

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**DONALD MILLER and**                                          CASE NO.:
**ANNINA MILLER,**

        Plaintiffs,

**v.**

**AMERICAN HONDA MOTOR**
**CORPORATION, et al.,**

        Defendants.

_____/

## DEFENDANT'S CONSENT TO REMOVAL

The undersigned defendant, KELSEY-HAYES CORPORATION, hereby consents to

the removal of the action styled *DONALD MILLER and ANNINA MILLER v. AMERICAN*

*HONDA MOTOR COMPANY, INC., a foreign corporation; BORG WARNER*

*CORPORATION, an Illinois corporation; BRIGGS STRATTON CORP., a foreign*

*corporation; CATERPILLAR, INC., a Delaware corporation; CONSUMER AUTOMOTIVE*

*PARTS, INC., a Florida corporation; CUMMINS, INC., a foreign corporation; DANA*

*CORPORATION, a Virginia corporation; DANAHER CROPORATION, Individually, and*

*through its subsidiaries DH HOLDING and HENNESSY INDUSTRIES, a Delaware*

*corporation; DEERE & CO., INC., a Delaware corporation; DETROIT DIESEL*

*CORPORATION, a foreign corporation; FORD MOTOR COMPANY, a Delaware*

*corporation; GENERAL MOTORS CORPORATION, a Delaware corporation; GOODYEAR*

*TIRE and RUBBER COMPANY, a foreign corporation; HONEYWELL INTERNATIONAL,*

*INC., f k a ALLIED SIGNAL, as successor in interest to ALLIED CORPORATION, as*

*successor in interest to THE BENDIX CORPORATION, a Delaware corporation; KELSEY-*

CASE NO.: 03-19359 (27)

*HAYES, a Delaware corporation;; KOHLER, INC., a foreign corporation; NAVISTAR INT'L*

*TRANSPORTATION CORP., f k a INTERNATIONAL HARVESTER, a Delaware corporation;*

*NISSAN NORTH AMERICA, INC., a foreign corporation; PACCAR, INC., Individually, and*

*through its divisions KENWORTH TRUCKS and PETERBILT MOTORS, a Delaware*

*corporation; SUBARU OF AMERICA, INC., a foreign corporation; TOYOTA MOTOR*

*NORTH AMERICA, INC., a foreign corporation; and VOLKSWAGEN OF AMERICA, INC., a*

*New Jersey corporation,* bearing Civil Action No. 03-019359 CACE 27, in the Circuit Court

of the Seventeenth Circuit, in and for Broward County, Florida, to the United States District

Court for the Southern District of Florida, and further states as follows:

1.    This consent to removal is being filed within thirty (30) days of the date it was

   first ascertained that this action is removable.

2.    In consenting to removal, the undersigned defendant does not intend to waive

   any rights or defenses to which it is otherwise entitled, including, but not

   limited to, those items set forth in Federal Rule of Civil Procedure 12(b).

Dated: *November 24*        , 2003.

BICE COLE LAW FIRM, PL
2801 Ponce De Leon Blvd., Suite 550
Coral Gables, FL 33134
(305) 444-1225
(305) 446-1598 fax

By: _____
   Susan J. Cole
   Florida Bar No. 270474
   cole@bicecolelaw.com
   Kathleen M. LaBarge
   Florida Bar No. 512540
   labarge@bicecolelaw.com

*Counsel for Kelsey-Hayes Corporation*

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

DONALD MILLER and                                           CASE NO.:
ANNINA MILLER,

        Plaintiffs,

v.

AMERICAN HONDA MOTOR
CORPORATION, et al.,

        Defendants.

_____/

### DEFENDANT, KOHLER, INC.'S CONSENT TO REMOVAL

    The undersigned defendant, KOHLER, INC., hereby consents to the removal of the action styled *DONALD MILLER and ANNINA MILLER v. AMERICAN HONDA MOTOR COMPANY, INC., a foreign corporation; BORG WARNER CORPORATION, an Illinois corporation; BRIGGS STRATTON CORP., a foreign corporation; CATERPILLAR, INC., a Delaware corporation; CONSUMER AUTOMOTIVE PARTS, INC., a Florida corporation; CUMMINS, INC., a foreign corporation; DANA CORPORATION, a Virginia corporation; DANAHER CROPORATION, Individually, and through its subsidiaries DH HOLDING and HENNESSY INDUSTRIES, a Delaware corporation; DEERE & CO., INC., a Delaware corporation; DETROIT DIESEL CORPORATION, a foreign corporation; FORD MOTOR COMPANY, a Delaware corporation; GENERAL MOTORS CORPORATION, a Delaware corporation; GOODYEAR TIRE and RUBBER COMPANY, a foreign corporation; HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, as successor in interest to ALLIED CORPORATION, as successor in interest to THE BENDIX CORPORATION, a Delaware corporation; KELSEY-HAYES, a Delaware corporation;; KOHLER, INC., a*

*foreign corporation; NAVISTAR INT'L TRANSPORTATION CORP., f/k/a INTERNATIONAL HARVESTER, a Delaware corporation; NISSAN NORTH AMERICA, INC., a foreign corporation; PACCAR, INC., Individually, and through its divisions KENWORTH TRUCKS and PETERBILT MOTORS, a Delaware corporation; SUBARU OF AMERICA, INC., a foreign corporation; TOYOTA MOTOR NORTH AMERICA, INC., a foreign corporation; and VOLKSWAGEN OF AMERICA, INC., a New Jersey corporation,* bearing Civil Action No. 03-019359 CACE 27, in the Circuit Court of the Seventeenth Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, and further states as follows:

1.     This consent to removal is being filed within thirty (30) days of the date it was first ascertained that this action is removable.

2.     In consenting to removal, the undersigned defendant does not intend to waive any rights or defenses to which it is otherwise entitled, including, but not limited to, those items set forth in Federal Rule of Civil Procedure 12(b).

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this ⧵st day of December, 2003, to all counsel of record.

> FOLEY & MANSFIELD, P.L.L.P.
> 4770 Biscayne Boulevard, Suite 1030
> Miami, Florida 33137
> Telephone: (305) 438-9899
> Facsimile: (305) 438-9819
>
> By: _____
> VIRGINIA EASLEY JOHNSON, P.A.
> Florida Bar Number 559156
> JANA MARIE FRIED, ESQ.
> Florida Bar Number 0060267

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.:

DONALD MILLER and                                    Broward Circuit Case No.:
ANNINA MILLER,                                       CACE 03-019359 27

         Plaintiffs,

v.

AMERICAN HONDA MOTOR COMPANY,
INC., a foreign corporation; BORG WARNER
CORPORATION, an Illinois corporation; BRIGGS
STRATTON CORP., a foreign corporation;
CATERPILLAR, INC., a Delaware corporation;
CONSUMER AUTOMOTIVE PARTS, INC., a
Florida corporation, CUMMINS, INC., a foreign
corporation, DANA CORPORATION, a Virginia
corporation; DANAHER CORPORATION,
individually, and through its subsidiaries DH
HOLDING and HENNESSY INDUSTRIES, a
Delaware corporation; DEERE & CO., INC., a
Delaware corporation; DETROIT DIESEL
CORPORATION, a foreign corporation; FORD
MOTOR COMPANY, a Delaware corporation,
GENERAL MOTORS CORPORATION, a
Delaware corporation, GOODYEAR TIRE and
RUBBER COMPANY, a foreign corporation;
HONEYWELL INTERNATIONAL, INC.,
f/k/a ALLIED SIGNAL, as successor in interest
to ALLIED CORPORATION, as successor in
interest to THE BENDIX CORPORATION, a
Delaware corporation; KELSEY-HAYES, a
Delaware corporation, KOHLER, INC., a foreign
Corporation, NAVISTER INT'L TRANSPOR-
TATION CORP., f/k/a INTERNATIONAL
HARVESTER, a Delaware corporation, NISSAN
NORTH AMERICA, INC., a foreign corporation
PACCAR, INC., Individually, and through its
divisions, KENWORTH TRUCKS and
PETERBILT MOTOS, a Delaware corporation,
SUBARU OF AMERICA, INC, a foreign
corporation, TOYOTA MOTOR NORTH

AMERICA, INC., a foreign corporation, and
VOLKSWAGEN OF AMERICA, INC., a
New Jersey corporation,

        Defendants.

_____/

## DEFENDANT, NISSAN NORTH AMERICA, INC.'S
## NOTICE OF CONSENT TO AND JOINDER IN
## <u>NOTICE OF REMOVAL OF CIVIL ACTION</u>

      The Defendant, Nissan North America, Inc., by and through its undersigned counsel,
hereby consents to and joins in the removal of the above-styled cause, Case No.: CACE 03
019359 27, Asbestos Litigation, from the Circuit Court, Seventeenth Judicial Circuit, in and for
Broward County, Florida, to the United States District Court for the Southern District of Florida,
Ft. Lauderdale Division.  This consent to removal is timely filed and without waiver pursuant to
28 U.S.C. §§ 1441; 1446.

Dated this _20th_ day of November, 2003.

                                 _____
                                 ROBERT J. HANRECK
                                 Florida Bar No. 0303940
                                 RUMBERGER, KIRK & CALDWELL
                                 Brickell Bayview Centre, Suite 3000
                                 80 S.W. 8th Street (33130-3047)
                                 Post Office Box 01-9041
                                 Miami, Florida  33101
                                 Telephone:  (305) 358-5577
                                 Telecopier:  (305) 371-7580

                                 Attorneys for NISSAN NORTH AMERICA, INC.

# 328724

- 2 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**DONALD MILLER and**                                 CASE NO.:
**ANNINA MILLER,**

        Plaintiffs,

**v.**

**AMERICAN HONDA MOTOR**
**CORPORATION, et al.,**

        Defendants.
————————————————————————/

## DEFENDANT'S CONSENT TO REMOVAL

The undersigned defendant, PACCAR, INC., hereby consents to the removal of the action

styled *DONALD MILLER and ANNINA MILLER v. AMERICAN HONDA MOTOR COMPANY,*

*INC., a foreign corporation; BORG WARNER CORPORATION, an Illinois corporation; BRIGGS*

*STRATTON CORP., a foreign corporation; CATERPILLAR, INC., a Delaware corporation;*

*CONSUMER AUTOMOTIVE PARTS, INC., a Florida corporation; CUMMINS, INC., a foreign*

*corporation; DANA CORPORATION, a Virginia corporation; DANAHER CROPORATION,*

*Individually, and through its subsidiaries DH HOLDING and HENNESSY INDUSTRIES, a*

*Delaware corporation; DEERE & CO., INC., a Delaware corporation; DETROIT DIESEL*

*CORPORATION, a foreign corporation; FORD MOTOR COMPANY, a Delaware corporation;*

*GENERAL MOTORS CORPORATION, a Delaware corporation; GOODYEAR TIRE and*

*RUBBER COMPANY, a foreign corporation; HONEYWELL INTERNATIONAL, INC., f/k/a*

*ALLIED SIGNAL, as successor in interest to ALLIED CORPORATION, as successor in interest*

*to THE BENDIX CORPORATION, a Delaware corporation; KELSEY-HAYES, a Delaware*

*corporation;; KOHLER, INC., a foreign corporation; NAVISTAR INT'L TRANSPORTATION*

*CORP., f/k/a INTERNATIONAL HARVESTER, a Delaware corporation; NISSAN NORTH*

*AMERICA, INC., a foreign corporation; PACCAR, INC., Individually, and through its divisions*

*KENWORTH TRUCKS and PETERBILT MOTORS, a Delaware corporation; SUBARU OF*

*AMERICA, INC., a foreign corporation; TOYOTA MOTOR NORTH AMERICA, INC., a foreign*

*corporation; and VOLKSWAGEN OF AMERICA, INC., a New Jersey corporation*, bearing Civil Action No. 03-019359 CACE 27, in the Circuit Court of the Seventeenth Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, and further states as follows:

1.     This consent to removal is being filed within thirty (30) days of the date it was first ascertained that this action is removable.

2.     In consenting to removal, the undersigned defendant does not intend to waive any rights or defenses to which it is otherwise entitled, including, but not limited to, those items set forth in Federal Rule of Civil Procedure 12(b).

Dated: December 1, 2003.

> FOWLER WHITE BURNETT, P.A.
> *Attorneys for Defendant PACCAR, Inc.*
> Bank of America Tower
> 100 Southeast Second Street
> 17th Floor
> Miami, Florida 33131
> (305) 789-9200 (telephone)
> (305) 789-9201 (facsimile)
>
> By: Edward J. Briscoe, Esq.
>        Fla. Bar No. 109691
>        June Galkoski Hoffman
>        Fla. Bar No. 050120

W:\64330\Consent.JGH

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION

CASE NO.:

DONALD MILLER and
ANNINA MILLER,

       Plaintiffs,

v.

AMERICAN HONDA MOTOR COMPANY,
INC., a foreign corporation; BORG WARNER
CORPORATION, an Illinois corporation; BRIGGS
STRATTON CORP., a foreign corporation;
CATERPILLAR, INC., a Delaware corporation;
CONSUMER AUTOMOTIVE PARTS, INC., a
Florida corporation, CUMMINS, INC., a foreign
corporation, DANA CORPORATION, a Virginia
corporation; DANAHER CORPORATION,
individually, and through its subsidiaries DH
HOLDING and HENNESSY INDUSTRIES, a
Delaware corporation; DEERE & CO., INC., a
Delaware corporation; DETROIT DIESEL
CORPORATION, a foreign corporation; FORD
MOTOR COMPANY, a Delaware corporation,
GENERAL MOTORS CORPORATION, a
Delaware corporation, GOODYEAR TIRE and
RUBBER COMPANY, a foreign corporation;
HONEYWELL INTERNATIONAL, INC.,
f/k/a ALLIED SIGNAL, as successor in interest
to ALLIED CORPORATION, as successor in
interest to THE BENDIX CORPORATION, a
Delaware corporation; KELSEY-HAYES, a
Delaware corporation, KOHLER, INC., a foreign
Corporation, NAVISTER INT'L TRANSPOR-
TATION CORP., f/k/a INTERNATIONAL
HARVESTER, a Delaware corporation, NISSAN
NORTH AMERICA, INC., a foreign corporation
PACCAR, INC., Individually, and through its
divisions, KENWORTH TRUCKS and
PETERBILT MOTOS, a Delaware corporation,
SUBARU OF AMERICA, INC, a foreign
corporation, TOYOTA MOTOR NORTH

Broward Circuit Case No.:
CACE 03-019359 27

AMERICA, INC., a foreign corporation, and
VOLKSWAGEN OF AMERICA, INC., a
New Jersey corporation,

        Defendants.

_____/

## DEFENDANT, SUBARU OF AMERICA, INC.'S
## NOTICE OF CONSENT TO AND JOINDER IN
## <u>NOTICE OF REMOVAL OF CIVIL ACTION</u>

        The Defendant, Subaru of America, Inc., by and through its undersigned counsel, hereby

consents to and joins in the removal of the above-styled cause, Case No.: CACE 03 019359 27,

Asbestos Litigation, from the Circuit Court, Seventeenth Judicial Circuit, in and for Broward

County, Florida, to the United States District Court for the Southern District of Florida, Ft.

Lauderdale Division.  This consent to removal is timely filed and without waiver pursuant to 28

U.S.C. §§ 1441; 1446.

Dated this 26th day of November, 2003.

                              _____

                              ROBERT J. HANRECK
                              Florida Bar No. 0303940
                              RUMBERGER, KIRK & CALDWELL
                              Brickell Bayview Centre, Suite 3000
                              80 S.W. 8th Street (33130-3047)
                              Post Office Box 01-9041
                              Miami, Florida  33101
                              Telephone:  (305) 358-5577
                              Telecopier:  (305) 371-7580

                              Attorneys for SUBARU OF AMERICA, INC.

# 328719

- 2 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.:

DONALD MILLER and
ANNINA MILLER,

       Plaintiffs,

v.

AMERICAN HONDA MOTOR COMPANY,
INC., a foreign corporation; BORG WARNER
CORPORATION, an Illinois corporation; BRIGGS
STRATTON CORP., a foreign corporation;
CATERPILLAR, INC., a Delaware corporation;
CONSUMER AUTOMOTIVE PARTS, INC., a
Florida corporation, CUMMINS, INC., a foreign
corporation, DANA CORPORATION, a Virginia
corporation: DANAHER CORPORATION,
individually, and through its subsidiaries DH
HOLDING and HENNESSY INDUSTRIES, a
Delaware corporation; DEERE & CO., INC., a
Delaware corporation; DETROIT DIESEL
CORPORATION, a foreign corporation; FORD
MOTOR COMPANY, a Delaware corporation,
GENERAL MOTORS CORPORATION, a
Delaware corporation, GOODYEAR TIRE and
RUBBER COMPANY, a foreign corporation;
HONEYWELL INTERNATIONAL, INC.,
f/k/a ALLIED SIGNAL, as successor in interest
to ALLIED CORPORATION, as successor in
interest to THE BENDIX CORPORATION, a
Delaware corporation; KELSEY-HAYES, a
Delaware corporation, KOHLER, INC., a foreign
Corporation, NAVISTER INT'L TRANSPOR-
TATION CORP., f/k/a INTERNATIONAL
HARVESTER, a Delaware corporation, NISSAN
NORTH AMERICA, INC., a foreign corporation
PACCAR, INC., Individually, and through its
divisions, KENWORTH TRUCKS and
PETERBILT MOTOS, a Delaware corporation,
SUBARU OF AMERICA, INC, a foreign
corporation, TOYOTA MOTOR NORTH
AMERICA, INC., a foreign corporation, and

Broward Circuit Case No.:
CACE 03-019359 27

VOLKSWAGEN OF AMERICA, INC., a
New Jersey corporation,

        Defendants.

_____/

## DEFENDANT, TOYOTA MOTOR NORTH AMERICA, INC.'S
## NOTICE OF CONSENT TO AND JOINDER IN
## NOTICE OF REMOVAL OF CIVIL ACTION

The Defendant, Toyota Motor North America, Inc., by and through its undersigned

counsel, hereby consents to and joins in the removal of the above-styled cause, Case No.: CACE

03 019359 27, Asbestos Litigation, from the Circuit Court, Seventeenth Judicial Circuit, in and

for Broward County, Florida, to the United States District Court for the Southern District of

Florida, Ft. Lauderdale Division.  This consent to removal is timely filed and without waiver

pursuant to 28 U.S.C. §§ 1441; 1446.

Dated this _26th_ day of November, 2003.

                                      _____

                                      ROBERT J. HANRECK
                                      Florida Bar No. 0303940
                                      RUMBERGER, KIRK & CALDWELL
                                      Brickell Bayview Centre, Suite 3000
                                      80 S.W. 8th Street (33130-3047)
                                      Post Office Box 01-9041
                                      Miami, Florida  33101
                                      Telephone:  (305) 358-5577
                                      Telecopier:  (305) 371-7580

                                      Attorneys for TOYOTA MOTOR NORTH
                                      AMERICA, INC.

# 328718

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**DONALD MILLER and**　　　　　　　　　　CASE NO.:
**ANNINA MILLER,**

　　　　　　Plaintiffs,

**v.**

**AMERICAN HONDA MOTOR**
**CORPORATION, et al.,**

　　　　　　Defendants.
_____/

### DEFENDANT'S CONSENT TO REMOVAL

The undersigned Defendant, VOLKSWAGEN OF AMERICA, INC., hereby consents

to the removal of the action styled *DONALD MILLER and ANNINA MILLER v. AMERICAN*

*HONDA MOTOR COMPANY, INC., a foreign corporation; BORG WARNER*

*CORPORATION, an Illinois corporation; BRIGGS STRATTON CORP., a foreign*

*corporation; CATERPILLAR, INC., a Delaware corporation; CONSUMER AUTOMOTIVE*

*PARTS, INC., a Florida corporation; CUMMINS, INC., a foreign corporation; DANA*

*CORPORATION, a Virginia corporation; DANAHER CROPORATION, Individually, and*

*through its subsidiaries DH HOLDING and HENNESSY INDUSTRIES, a Delaware*

*corporation; DEERE & CO., INC., a Delaware corporation; DETROIT DIESEL*

*CORPORATION, a foreign corporation; FORD MOTOR COMPANY, a Delaware*

*corporation; GENERAL MOTORS CORPORATION, a Delaware corporation; GOODYEAR*

*TIRE and RUBBER COMPANY, a foreign corporation; HONEYWELL INTERNATIONAL,*

*INC., f/k/a ALLIED SIGNAL, as successor in interest to ALLIED CORPORATION, as*

*successor in interest to THE BENDIX CORPORATION, a Delaware corporation; KELSEY-*

*HAYES, a Delaware corporation;; KOHLER, INC., a foreign corporation; NAVISTAR INT'L*

*TRANSPORTATION CORP., f/k/a INTERNATIONAL HARVESTER, a Delaware corporation;*

*NISSAN NORTH AMERICA, INC., a foreign corporation; PACCAR, INC., Individually, and*

*through its divisions KENWORTH TRUCKS and PETERBILT MOTORS, a Delaware*

*corporation; SUBARU OF AMERICA, INC., a foreign corporation; TOYOTA MOTOR*

*NORTH AMERICA, INC., a foreign corporation; and VOLKSWAGEN OF AMERICA, INC., a*

*New Jersey corporation,* bearing Civil Action No. 03-019359 CACE 27, in the Circuit Court

of the Seventeenth Circuit, in and for Broward County, Florida, to the United States District

Court for the Southern District of Florida, and further states as follows:

1.  This consent to removal is being filed within thirty (30) days of the date it was
    first ascertained that this action is removable.

2.  In consenting to removal, the undersigned defendant does not intend to waive
    any rights or defenses to which it is otherwise entitled, including, but not
    limited to, those items set forth in Federal Rule of Civil Procedure 12(b).

Dated:  December 1, 2003.


RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A.
Counsel for Defendant,
*Volkswagen of America, Inc.*
701 Brickell Avenue, 19th Floor
Miami, Florida  33131
Tel:  (305) 789-2700, Fax:  (305) 789-2793


By:_____
    Peter L. Wechsler, FBN: 125244
    Peter J. Frommer, FBN: 106860

MIA:226544:1

2

JS 44 (Rev. 3/99)

## CIVIL COVER SHEET
**03 - 62155**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Donald Miller and   *BROWARD.*
Annina Miller

**DEFENDANTS**  CIV-COHN
American Honda Motor Corporation,
Caterpillar, e~~MAGISTRATE JUDGE~~
SNOW

**(b)** County of Residence of First Listed Plaintiff **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

*County where action arose*

0:03CV62155 JIC/LSS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael T. Tomlin, Esq. (305/373-4900)
Anania Bandklayder Blackwell Baumgarten
Grricella & Stein
100 SE Second St., Ste. 4300
Miami, FL 33131-2144

Attorneys (If Known)
Eric L. Lundt, Esq.(954-527-2800)
Gordon Hargrove & James, P.A.
500 E. Broward Blvd. Ste. 1000
Ft. Lauderdale, FL 33394

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury— | of Property 21 USC | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | Injury | | ☐ 730 Labor/Mgmt. Reporting | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | or Defendant) | ☐ 900 Appeal of Fee Determination |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 871 IRS—Third Party | Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Removal under 28 U.S.C., §1441, 1446; Diversity

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
December 3, 2003

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*   FBN 0861715

FOR OFFICE USE ONLY
RECEIPT 529961   AMOUNT 150.00   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____